DICKSON *et al. vs.* THE STATE OF GEORGIA.

1. By the county court act, (Code, §297), when the county judge issues a warrant, the affidavit and warrant are to be such as are provided for in the general law laid down in sections 4715 and 4716 of the Code. They need not, where the offense charged is simple larceny, describe the property, or state its value, or name the owner, or disclose whether the larceny is a felony or only a misdemeanor. By the same act, (Code, §299) when indictment and trial by jury are waived, and the trial is by the county judge, the same affidavit on which the warrant issued may be the basis of the accusation. The accusation is to be specific and particular, but the affidavit need not be more so than is necessary to uphold a warrant.
2. A mere verbal inaccuracy will not, where the meaning is clear, vitiate an affidavit or a warrant. Thus, to follow the names of the accused with a pronoun singular, such as "her" or "him," where the sense calls for a pronoun in the plural number, such as "their" or "them," is not a fatal defect.
3. An accusation under the county court act may declare that "the state of Georgia charges," etc, and need not employ the formula that "the prosecutor, in the name and behalf of the citizens of Georgia, charges," etc.
4. The evidence warranted a conviction, and there was no error in refusing to sanction the petition for *certiorari*.

Criminal law. County Courts. Affidavit and warrant. Indictment. New trial. Certiorari. Before Judge POTTLE. Hancock County. At Chambers. November 16, 1878.

Preston and Irwin Dickson presented their petition for *certiorari* making, in substance, the following case :

On October 29, 1878, they were arraigned before the county court of Hancock county, on the charge of simple larceny. The affidavit upon which the warrant was based, was made by T. J. Warthen before the county judge, and simply alleged that "to the best of deponent's knowledge and belief, Sarah Dickson, Preston Dickson and Irwin Dickson, did commit the offense of simple larceny in said county, on or about the 6th day of October, 1878, and deponent makes this affidavit that a warrant may issue for *her* arrest."

The warrant, issued by the county judge, directed the proper officer "to arrest the body of Sarah Dickson, Preston Dickson and Irwin Dickson, charged by T. J. Warthen with the offense of simple larceny, in said county, on or about the 6th day of October, 1878, against the laws of this state, and to bring *him* before me, or some other judicial officer, etc." The petitioners waived indictment and trial by jury. The written accusation commenced as follows:

"GEORGIA—Hancock County.

"The state of Georgia charges and accuses Sarah Dickson, Preston Dickson and Irwin Dickson, all persons of color, of said county, with the offense of simple larceny, etc."

The balance of the accusation, in proper language, charged the three defendants with the larceny in said county, on or about the sixth of October, 1878, of 1,500 pounds of seed cotton, of the value of $35.00, the property of David Dickson. It referred to both the affidavit and warrant as the basis of the accusation.

At the conclusion of the testimony for the prosecution the petitioners moved that the warrant and accusation be quashed upon the following grounds:

1. Because the accusation does not follow the warrant upon which it is founded.

2. Because it does not follow the affidavit and warrant.

3. Because neither the affidavit nor warrant sets forth the ownership of the property alleged to have been stolen, nor the person from whose possesssion it was taken.

4. Because the warrant and affidavit fail to disclose the nature and character of the offense with which the defendants are charged, to-wit: whether a felony or a misdemeanor.

5. Because the affidavit prays for the arrest of "her," and the warrant directs the arresting officer to bring "him" before a judicial officer for investigation, hence defendants say that no valid accusation can stand based upon a warrant so defective.

6. Because the accusation alleges that "the state of

Georgia charges" the accused, instead of the prosecutor, "in the name and behalf of the citizens of Georgia."

The motion was overruled.

Evidence for the defense was introduced. The court found the petitioners guilty. They moved in arrest of judgment upon the same grounds as are stated in the motion to quash. The court overruled the motion, and sentenced them to the chain-gang for twelve months.

Petitioners ask the writ of *certiorari* because the court erred in overruling each of the motions above stated, and because the finding of the court was without evidence to sustain it.

It is only necessary to state that there was abundant evidence to support the finding.

Judge Pottle refused to sanction the petition, and petitioners excepted.

J. T. JORDAN; GEORGE F. PIERCE; FRED. H. NEARY, for plaintiffs in error, cited 55 *Ga.*, 380; 58 *Ib.*, 397; Code, §§299, 4714.

SEABORN REESE, solicitor-general, for the state, cited, by brief, Code, §§4715, 4716, 4629, 4639, 3587, *et seq.;* 22 *Ga.*, 75, 499.

BLECKLEY, Justice.

1. With the accused female we are not at present concerned. She demanded indictment by a grand jury, and her case stood over. The two males went to trial before the county judge, on an accusation framed by him under section 299 of the Code. In the midst of the trial, a motion was made to quash the accusation and the warrant; and after the finding of guilty, a motion was made in arrest of judgment. The grounds of these two motions were the same. One of the grounds was, that neither the affidavit nor warrant set forth the ownership of the property alleged to have been stolen, nor the person from whose possession

it was taken.   Another was, that the warrant and the affidavit failed to disclose whether the larceny charged was a felony or a misdemeanor.   The reference to the warrant as made in the accusation was surplusage.   The affidavit was the real statutory basis of the proceeding, and after the prisoners were put on trial—on final trial for the offense, the warrant was no longer in the case.   Any complaint of its defects, or any motion to quash it, was out of place and out of time.   But the affidavit was material throughout.

The motion to quash the accusation was bad, in strict practice, for two reasons : the first of which is, that it comprehended the warrant as well as the accusation, and was thus too broad, the warrant having served its purpose, and being unnecessary to so advanced a stage of the proceedings ; and the second is, that the court was not bound to entertain a motion to quash the accusation after the trial was entered upon and a part of the evidence heard.   The time for such a motion was before the introduction of evidence.   There was no explanation of the delay to make it, and without some satisfactory explanation on that head, the court could well and properly have declined to hear it. The motion in arrest of judgment was, however, presented in due order, and if the affidavit was radically and substantially defective, the judgment should have been arrested. The affidavit must consequently be tried by the law.   Section 4715 of the Code reads thus :

"An affidavit substantially complying with the following form shall in all cases be deemed sufficient:

"GEORGIA, ——— county:

" Personally  came A.  B.  who on oath saith, that, to the best of his knowledge, C. D.  did, on the —— day of ———, in  the year ——, in the county aforesaid, commit the offense of ———; and this deponent makes this affidavit that a warrant may issue for his arrest.  Sworn to and subscribed before me this the —— day of ——, 18.

'———, J. P."

The next  section lays 'down a  form of  warrant, equally general, and declares that  this form  may be used, and that

a substantial compliance with it shall be deemed sufficient. We have thus, from these two sections, the requisites of an affidavit to obtain a warrant, and of the warrant itself, when the officer acting is a justice of the peace. Section 297 opens with this language : "Said county judges shall also have jurisdiction and authority as justices of the peace in this state, upon affidavit made before them, to issue criminal warrants—to be in the form, both as to affidavits and warrants, prescribed in sections 4618 and 4619 of this Code—against all persons accused of crimes and misdemeanors." By mistake, the sections cited in this quotation are numbered as in Irwin's Code, the corresponding sections in the Code of 1873 being 4715 and 4716, these being the sections of *this* Code in which the forms are found. Nothing is more manifest than that, according to the express provisions of the Code, the affidavit which we are considering was in all substantial respects sufficient to serve as the foundation for a warrant; and a comparison of the warrant, were that necessary, with section 4716 would render it equally clear that the warrant was good in substance. Where the offense charged is simple larceny, no further description of it, either in the affidavit or the warrant, is requisite than the mere naming of it in these terms. The property stolen need not be mentioned or described, nor its value stated, nor the owner named ; neither is it requisite to disclose whether the larceny amounts to felony or only to a misdemeanor. The Code does not contemplate that any of these particulars shall be specified—though, of course, they would not vitiate if they were introduced. The next step before us is to show that an affidavit full and certain enough to uphold a warrant, is full and certain enough to be the basis of an accusation on which to try the accused. Section 299 of the Code begins thus : "In cases where no indictment of the grand jury is demanded, the county judge shall frame a written accusation, founded upon the affidavit charging the defendant, said accusation to be in the name of the state of Georgia, signed by the

38

prosecutor, and distinctly setting forth the nature of the offense charged, the time when, where, and by whom committed, and that it is based upon said affidavit, briefly referring to it." What is meant by " *the* affidavit charging the defendant " ? Obviously, we think, the reference is to the affidavit on which a warrant has issued, the same affidavit which is provided for, and the requisites of which are prescribed in section 297, the language of which section, so far as pertinent, we have already quoted. In the terms, " the affidavit charging the defendant," is plainly implied that the affidavit alluded to had been previously mentioned, and this implication can be satisfied in no way but by turning back to section 297. There, and there only, is there previous mention of an affidavit, and that affidavit is the one which is preliminary to a warrant. What *its* contents are to be are pointed out, and section 299 does not specify any different or additional contents for the affidavit on which the accusation is founded. Unless we are told in section 297 what the affidavit contemplated in section 299 is to contain, we are not told at all. This latter section specifies with considerable minuteness what the accusation is to set forth, but is entirely silent in respect to the contents of the affidavit. To us it admits of little or no doubt that the scheme of the statute is to condense the charge in the affidavit, and expand it in the accusation. The accused is to be informed fully by the particular and specific statements in the accusation what definite criminal transaction the large and round and general phraseology of the affidavit intends to impute to him. It is precisely because the affidavit is allowed to be so meagre, that care is taken to have the accusation full. While we rule that the affidavit on which a warrant has issued, is the one to which section 299 looks as the basis of the accusation, we do not say that no other would serve. Probably any other, though made after the arrest, and expressly to base the accusation upon, especially if more certain and precise in its terms, would answer the purpose. We hold that the affidavit on which the

Dickson *et al. vs.* The State.

warrant issued *may* be the basis of the accusation, not that it *must* be. It follows from what we have said that there is nothing in those grounds of the motion which we have enumerated; and it equally follows that two other grounds, namely, that the accusation does not conform to the warrant, and that it does not conform to the affidavit and the warrant, are without merit. The accusation does conform to the affidavit, though it goes beyond it in fullness and particularity, as it ought and must do where the affidavit is general. There is no inconsistency between the two; they are merely incommensurate, and this, as we have seen, is allowable. The same may be said of the accusation and the warrant; but the warrant really has nothing to do with the matter.

2. The next ground of the motion is grammatical, and involves the gender and number of two pronouns. "Her" in the affidavit should have been "them," and "him" in the warrant should also have been "them." This is an unsightly literary blemish, but not a grave legal infirmity. In school the composition would not pass, but it may be tolerated in the court-house. The meaning is clear, though the verbal inaccuracy is glaring. We may regret that those who write affidavits and warrants guard their pronouns with so little vigilance, but we cannot hold, as matter of law, that their bad grammar vitiates the documents.

3. The motion proceeds to a sixth and last ground, which is, that in the accusation the state of Georgia charges the accused parties, when the prosecutor ought to charge them in the name and behalf of the citizens of Georgia. It is not improbable that either of these forms would suffice, but the first is certainly allowable; for, looking back to our quotation from section 299 of the Code, it will be seen that the accusation is to be "in the name of the state of Georgia." The prosecutor is to sign it, and that he did in this instance.

4. The evidence of guilt may not have been conclusive, but it was enough to warrant the conviction. There was no error in refusing to sanction the petition for *certiorari*.

Judgment affirmed.