112 537
Case 2
119 299

BLAKE *v.* THE STATE.

An affidavit charging specifically the offense of "selling whiskey" is not, under the act establishing the city court of Brunswick, broad enough to support an accusation charging generally the sale of "intoxicating liquors."

Submitted December 19, 1900.—Decided January 24, 1901.

Accusation of selling liquor. Before Judge Sparks. City court of Brunswick. November 7, 1900.

*Max Isaac*, for plaintiff in error.

*J. T. Colson, solicitor pro tem.*, contra.

LUMPKIN, P. J.   The prosecutor, Pyles, made an affidavit charg-- ing that the accused, Blake, "did commit the offense of selling whiskey."   Upon this affidavit as a foundation an accusation was framed charging the accused with selling "intoxicating liquors." Before pleading to the merits, the accused demurred to the accu- sation on several grounds, one of which presented the point that an affidavit charging the offense of selling whiskey was insufficient to support an accusation charging the offense of selling intoxicating liquors.   We think the court erred in not holding that this ground of the demurrer was good.   The 30th section of the act of Decem- ber 9, 1895, establishing the city court of Brunswick, declares that "defendants in criminal cases in said city court of Brunswick may be tried on written accusations setting forth plainly the offense charged, founded on affidavit made by the prosecutor."   See Acts of 1895, p. 380.   As the statute provides that the accusation must be founded upon an affidavit, it seems clear that the former can not properly be made broader or more comprehensive than the lat- ter.   The affidavit now under consideration contains the specific charge that the accused sold whiskey.   The accusation embraces the generic averment that the accused sold intoxicating liquors, which would, of course, include many different kinds of intox- icants.   Plainly, therefore, the accusation covers a much wider scope than does the affidavit.   The policy of the law is that no one shall in the city court be subjected to trial upon an accusation which is not fully supported by the oath of a prosecutor.   For all practical purposes the affidavit stands in lieu of an indictment; and it being a fundamental principle of criminal pleading and practice that a person can not lawfully be called upon to answer for more than he is charged with, the evident purpose of the lawmaking power in declaring that the accusation shall be founded on affidavit would, in a case like the present, be defeated if the accused could on a bare charge of selling whiskey be tried for selling rum, gin, brandy, or some other kind of intoxicating liquor.   In the case of *Johnson* v. *State*, 58 *Ga.* 397, this court rendered a decision which, in principle, is controlling upon the point now raised.   It was there held that an affidavit constituting the foundation of a criminal ac- cusation should distinctly set forth the nature of the offense com-

mitted, and that the accusation should follow the affidavit. Though in that case the accusation itself was on its face full and complete, it was adjudged to be insufficient in law, because the affidavit upon which it was founded was in certain material particulars incomplete. *Judgment reversed. All the Justices concurring.*