## GLASS *v.* THE STATE.

1. In prosecutions in a city court the accusation may be more restricted, but can not be broader, than the affidavit on which it is based.

2. Where an affidavit charges the commission of a specific act, the accusation must conform thereto.

3. As the greater includes the less, if the affidavit is general, the accusation may charge a specific criminal act included within the offense named in the affidavit.

Submitted December 21, 1903. — Decided January 12, 1904.

Accusation of gaming.    Before Judge Hollingsworth.    City court of Fayetteville.    October 21, 1903.

*J. W. Wise,* for plaintiff in error.

*A. O. Blalock, solicitor,* contra.

LAMAR, J.    Glass was prosecuted in the city court of Fayetteville, for a misdemeanor.   The affidavit charged him with the offense of "gaming."   The accusation based thereon charged that he "did . . play and bet for money and other things of value, at a game of seven-up, skin, and other games played with cards."   The defendant demurred on the ground that the accusation did not follow the affidavit, in that it covered matters other than those contained therein.    On the authority of *Dickson* v. *State,* 62 *Ga.* 588, *Brown* v. *State,* 109 *Ga.* 572, and *Williams* v. *State,* 107 *Ga.* 693, the judge properly overruled the demurrer.   If the affidavit had charged the defendant with playing "seven-up," the defendant could not have been put on trial for playing at any other game, or for gaming generally.   *Blake* v. *State,* 112 *Ga.* 537.   But where the affidavit sets out that the defendant was guilty of the general offense of gaming, the accusation can allege that he was guilty of any specific act included within the definition.   The accusation can not be broader than the affidavit, but, as the greater includes the less, if the affidavit is general, the accusation can be specific.

*Judgment affirmed.    All the Justices concur.*