### BROWN v. CITY OF ATLANTA.

1. A sentence imposing two penalties in the alternative, one of which is unauthorized, is not void, but may be enforced as to the penalty which is authorized.   Taff v. State, 29 Conn. 82; Lowery v. Hogue, 85 Cal. 601; People v. Harrington, 75 Mich. 112; In re Sweatman, 1 Cow. 144, 149.
2. A person upon whom such an alternative sentence has been imposed, and who voluntarily complies with that portion of the sentence which is legal, can not thereafter have the judgment of conviction reviewed.
3. A certiorari sued out by such a person should be dismissed, and a judgment overruling the certiorari and dismissing the petition will not be disturbed.
4. Even if the recorder could not properly state, in his answer to the certiorari, that the fine had been paid, a statement therein to this effect could be acted on by the superior court, in the absence of a traverse of the answer or a denial of the fact therein stated.

Argued June 19, — Decided July 17, 1905.

Certiorari.    Before Judge Pendleton.    Fulton superior court. April 25, 1905.

Brown was convicted, in the municipal court of the City of Atlanta, for a violation of an ordinance against the keeping of intoxicating liquors for unlawful sale. The ordinance in question provided that upon conviction the offender should be punished " by a fine not exceeding five hundred dollars, or imprisonment not exceeding thirty days, either or both, in the discretion of the court." The recorder imposed upon the accused a sentence that he pay a fine of one hundred dollars, and costs, and that in default of such payment said defendant work on the streets or public works of said city thirty days under the direction of superintendent of public works." The accused sued out a petition for certiorari, in which he alleged, among other things, that the imposition of the alternative sentence to labor upon the public works was without authority of law. The writ of certiorari was issued, and the recorder answered that the imposition of the alternative penalty complained of was due to inadvertence; that the accused paid the fine imposed before being put to labor on the public works; and that the respondent had no notice of the error in the sentence until the certiorari was served upon him. The judge of the superior court overruled the certiorari, and the accused excepted.

*John F. Methvin* and *Spencer R. Atkinson,* for plaintiff in error. *James L. Mayson* and *William P. Hill,* contra.

COBB, J. It is contended by counsel for the city that under the charter of Atlanta the sentence of the recorder was legal in its entirety. But this question is immaterial. The recorder undoubtedly had authority to impose a fine. The sentence has been complied with, the penalty which it was lawful to impose has been paid, the judgment is satisfied. The city is not seeking to enforce any other part of the sentence; neither can it do so, whether the alternative penalty which was not submitted to be legal or illegal. It would perhaps have been the better practice for the judge of the superior court to have stricken the petition for certiorari from the files, but the order overruling the certiorari and dismissing the petition, which accomplishes the same result, will not be disturbed. It is contended, however, that the fact as to the payment of the fine was no proper part of the answer of the recorder, and should not have been considered by the superior court; and that this court

ought to inquire into the merits of the case without reference to this question. The writ of certiorari directs the respondent to "certify and send up all the proceedings in said cause to the superior court." Civil Code, § 4637. It would seem from this that all papers and records which are material in the determination of the questions raised by the petition for certiorari should be sent up to the superior court with the answer of the respondent. It was doubtless matter of record in the recorder's court that the fine imposed upon the accused had been paid, and the recorder might very properly have sent up a copy of such record. It makes little difference that instead of doing this he simply stated in his answer the fact of the payment of the fine. At any rate, there was no traverse of or motion to strike that part of the answer, nor was there any denial of the fact therein stated. The matter might have been brought to the attention of the superior court by affidavit, or in any other proper way, just as the fact is brought to the attention of the Supreme Court that an act which is sought to be enjoined has been committed, in which case the court declines to pass upon the refusal to grant the injunction. *Randolph* v. *Bruns. R. Co.*, 120 *Ga.* 970, and cit. If the fact stated by the recorder was true, the accused had no case to be reviewed; and if it was not true, it was incumbent upon him to deny the statement, and have the question determined in the superior court. Not having done this, the statement will be treated as true, and this court will decline to pass upon the merits of the case. The judge of the superior court reached the right result.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., not presiding.*