## 4160.   FRAZIER *v.* THE STATE.

Where the act creating a city court provides that all criminal accusations filed therein shall be founded upon affidavits, such an accusation can not be broader than the affidavit, nor charge an offense different from that described in the affidavit. It follows that where an affidavit charged the unlawful sale of intoxicating liquors, a count in an accusation founded thereon which charged the accused with keeping intoxicating liquors on hand at his place of business should have been quashed on demurrer.

DECIDED JUNE 5, 1912.

Accusation of misdemeanor; from city court of Americus—Judge Hixon.   March 26, 1912.

*C. R. Winchester, J. B. Hudson,* for plaintiff in error.

*Zach Childers, solicitor,* contra.

POTTLE, J.   The act creating the city court of Americus provides that "defendants in criminal cases in said city court of Americus may be tried on written accusation setting forth plainly the offense charged, founded on affidavit made by the prosecutor," and that upon such affidavit and accusation being filed in the office of the clerk of the city court, it shall be the duty of the judge to issue a warrant for the arrest and apprehension of the defendant. Acts 1900, p. 100, § 30.   An affidavit was made and filed, charging the plaintiff in error with the offense of selling intoxicating liquors, and upon this affidavit an accusation was drawn, containing two counts.   The first count charged the sale of intoxicating liquors, and the second count charged that the accused kept on hand intoxicating liquors at his place of business.   On arraignment the accused moved to quash the accusation, upon the ground that it was broader than the affidavit upon which it was founded, in that in the second count the accused was charged with keeping intoxicating liquors on hand at his place of business, and the affidavit charged only the sale of intoxicating liquors.   The motion to quash was overruled, and exceptions pendente lite were duly certified and filed, complaining of this ruling.   The accused was convicted both of selling whisky and of keeping it on hand at his place of business.   His motion for new trial was overruled, and a writ of error has been sued out to this court, complaining of this judgment and also assigning error upon the exceptions pendente lite.

An affidavit which charges the accused generally with the com-

mission of a misdemeanor at a certain time and in a certain county is sufficient to support an accusation charging the accused with the commission of any misdemeanor. *Williams* v. *State,* 107 Ga. 693 (33 S. E. 641). But the accusation can not be broader than the affidavit, and where the affidavit charges a specific misdemeanor, the accusation must conform to the affidavit. So strictly has this rule been applied by the Supreme Court that in *Blake* v. *State,* 112 Ga. 537 (37 S. E. 870), in which the affidavit charged the accused with the offense of selling whisky, it was held that an accusation founded thereon and charging generally the sale of intoxicating liquors should have been quashed on demurrer. In *Glass* v. *State,* 119 Ga. 299 (46 S. E. 435), the affidavit charged the offense of gaming, and it was held that this affidavit was sufficient foundation for an accusation charging any form of gaming. In the opinion the court said that if the affidavit had charged the defendant with playing "seven up" he could not have been put on trial for playing any other game, or for gaming generally. Unless the act creating the city court requires it, an accusation need not be founded upon any precedent affidavit at all. *Davis* v. *State,* ante, 10 (74 S. E. 442). But where the act provides, as does the act creating the city court of Americus, that the accusation shall be founded upon an affidavit, the accusation can not be broader than the affidavit nor charge a different offense from that described in the affidavit. The court should have sustained the motion to quash the second count in the accusation. As everything else occurring on the trial was nugatory, it is not necessary to pass upon any of the other assignments of error.

*Judgment reversed.*