*Smith & Miller,* for plaintiff in error. *B. W. Fortson,* contra.

---

### 9165. SMITH *v.* BARROW, ordinary, *et al.*

The judgment in a criminal case imposed on the defendant a chain-gang and jail sentence, to be discharged upon the payment of a fine of $500, and ordered that a portion of this fine be paid to the ordinary for the use of the prosecutrix. The defendant paid the fine, but the portion paid to the ordinary was paid under protest. He afterward brought suit against the ordinary to recover that portion, and his petition was dismissed on general demurrer. *Held,* that the part of the sentence which attempted to make distribution of a portion of the fine to the prosecutrix is to be treated as void, as the court was without authority to make such distribution; that the whole amount of the fine would be payable to the officers of the court, to be distributed as provided by law; that the plaintiff in this case was not interested in this distribution and can not complain that the court officers in charge of collection of fines required him to pay a portion of the fine to the ordinary; that he would have no right of action against the ordinary to recover the money so paid, and that the trial judge did not err in sustaining the general demurrer and dismissing his petition.

DECIDED JANUARY 22, 1918.

Action for money had and received; from city court of Cairo—Judge Willie. July 19, 1917.

The plaintiff in error, under an indictment charging him with seduction, was convicted in Grady superior court of the offense of fornication, and was sentenced to work in the chain-gang for twelve months and to be confined in jail for six months, the chain-gang and jail sentence to be discharged on payment of a fine of $1,000, without costs of prosecution. The sentence further provided that $900 of this amount should be paid to the prosecutrix for the use of herself and her child, and $100 be paid to the State. This sentence was afterwards modified by the court, upon the dismissal of the defendant's motion for a new trial, and it was ordered "that

the fine of $1,000 heretofore imposed on the defendant in said case be, and the same is hereby, reduced to $500." It was further ordered that $100 of this amount be paid to the clerk of the superior court of Grady county, to be applied as provided by law, and that the remaining $400 of the fine be paid by the defendant, within fifty days from the date of the order, but that the $400 should be paid to the ordinary of Grady county, and be applied by the ordinary to the use and benefit of Julia Davis (the person named in the indictment as the seduced female) from time to time, as her needs and condition, in the ordinary's judgment, might require. The defendant paid the $500, but $400 of it, which was paid to the ordinary, was paid under protest. He afterward brought suit in the city court of Cairo against W. C. Barrow, ordinary, to recover this amount of $400, alleging, that he was advised by the authorities having charge of the convicts of said county that, unless the sum of $400 was paid by him to the ordinary, on or before a certain date, he would be arrested by said authorities and confined at labor for a period of twelve months, and in jail for six months; and that he paid this amount in order to prevent said illegal arrest and detention, and paid it under protest, and that said payment was not voluntary. He attached to his suit a copy of the sentences and the written protest referred to above. Miss Julia Davis asked to intervene and to be made a party defendant in the case. The plaintiff moved to dismiss this intervention, but the motion was overruled. The ordinary and Miss Davis each filed a general demurrer, setting forth that no cause of action was alleged, and a special demurrer was filed by Miss Davis. The court sustained the general demurrers and dismissed the suit, and the plaintiff excepted.

J. Q. Smith, S. P. Cain, for plaintiff.

R. C. Bell, Ledford & Christopher, for defendants.

HARWELL, J. (After stating the foregoing facts.) The defendant being convicted of the offense of fornication, punishment was imposed under section 1065 of the Penal Code (1910) for a misdemeanor. The distribution of fines is to be made as provided in § 1112 et seq. They are distributed to the officers of the court and into the county treasury, except that in certain specified cases, where provided by statute, a portion of the fine may be paid to informers, schools, etc. Penal Code, §§ 216, 461,

753, 652. If the judgments in the instant case are to be construed as imposing a chain-gang and jail sentence, to be discharged on payment of a fine of $100, and an additional sum of $400 to the prosecutrix, as a penalty, then the defendant was entitled to be released upon the payment of the $100 fine, the court being without authority to order him to pay, as a part of the penalty, an additional sum to the prosecutrix. If, however, the judgments, when taken together, are to be construed as imposing a chain-gang and jail sentence, to be discharged on the payment of a fine of $500, and an attempt was made by the court to distribute this fine to the officers of the court and to the prosecutrix for the use of herself and child, then, in order to be relieved, the defendant was under the necessity of paying the $500 fine, and the latter part of the sentence, attempting to make such distribution of a portion of the fine to the prosecutrix, is to be treated as null and void; for the court, of course, was without authority to make such distribution of the fine, and the whole amount of the fine would be payable to the officers of the court, to be distributed as provided by law. The first judgment states that the defendant is to be relieved from said chain-gang and jail sentence "upon a payment of a fine of $1,000." The second judgment ordered "that the fine of $1,000 heretofore imposed on the defendant in said case be, and the same is hereby, reduced to $500." The effect of these judgments, in our opinion, is to impose a fine of $500 as a condition of release from the chain-gang and jail sentence. The fine as first imposed was $1,000, but by the second judgment it was reduced to $500. Following that, it is true, the court orders that $100 shall be paid to the clerk of Grady superior court, and the remainder of said fine be paid to the ordinary for the use and benefit of Miss Julia Davis, but this attempt to make a distribution of the fine otherwise than as provided by law should have been ignored by those charged with the collection of fines, as the court was without authority so to order. The fine of $500, which was imposed by the judgment as a condition of the defendant's release, was payable to the officers of the court, to be distributed as other fines and forfeitures. But the fact that the court was without authority to order a part of the fine to be paid to the ordinary would not render the whole sentence void. Only that part which attempted to make such illegal distribution would be void.

Though part of a sentence be unauthorized by law, that part will not make void the whole, but that which is good may be enforced. *Brown* v. *Atlanta,* 123 *Ga.* 497 (51 S. E. 507); *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175); *Daniel* v. *Persons,* 137 *Ga.* 826 (74 S. E. 260).

The defendant therefore can not complain that the officials of the court having the collection of fines in charge had him pay a portion of the fine to the ordinary, and he would not have any right of action against the ordinary to recover the money so paid. The trial judge did not err, therefore, in sustaining the general demurrers and dismissing the petition.

*Judgment affirmed.  Broyles, P. J., and Bloodworth, J., concur.*