### 14557.  MURRAY v. THE STATE.

LUKE, J.  1.  In charging an offense, in an affidavit made as basis of an accusation, " it seems to be the settled law of this State that an affidavit need do no more than name the offense, without describing the way in which it was committed, or its character, with any degree of particularity." *Brown* v. *State*, 109 *Ga.* 570 (34 S. E. 1031).  "The accused is to be informed fully by the particular and specific statements in the accusation what definite criminal transaction the large and round phraseology of the affidavit intends to impute to him.  It is precisely because the affidavit is allowed to be so meagre, that care is taken to have the accusation full." *Dickson* v. *State*, 62 *Ga.* 583, 588. Under the rulings in the foregoing cases, the court did not err in over- ruling the demurrer interposed to the affidavit and accusation in the instant case.  See also 2 Stevens' Dig. 964-5, catchword " Accusation."

2.  " Disqualification of a juror did not, under the facts of the case, result from his relationship to a town marshal who swore out a warrant for the arrest of the defendant." *McKenzie* v. *State*, 28 *Ga. App.* 33 (7) (110 S. E. 248).  Under this ruling there is no merit in the amendment to the motion for a new trial.

3.  The evidence authorized the verdict returned, and for no reason assigned was it error to refuse to grant a new trial.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED JULY 13, 1923.

Accusation of possessing liquor; from city court of Black- shear — Judge Mitchell.  March 31, 1923.

The affidavit upon which the accusation was based described the offense as " the offense of violating prohibition law."  The accusation charged in the terms of the prohibition law the offense of possessing intoxicating liquor.

*James R. Thomas & Son,* for plaintiff in error.

*S. Thomas Memory, solicitor,* contra.