## 19763. RAY *v.* THE STATE.

DECIDED JULY 9, 1929.

*H. J. Lawrence,* for plaintiff in error.

*John S. Gibson, solicitor, Chastain & Henson,* contra.

LUKE, J. The defendant was convicted of cheating and swindling, and assigns error upon the overruling of his motion for a new trial. The evidence abundantly supported the verdict of guilty. It shows that the defendant gave a bill of sale to property which he did not own and procured $300 as a result thereof. It shows that the defendant made false representations with intent to deceive and defraud, and that they did deceive and defraud, and that as a result of such representations one E. R. Lockridge was induced to part with $300.

The evidence objected to in the first special ground of the motion for a new trial, upon the ground that it was a communication

between client and attorney,—the attorney being the prosecutor in the instant case,—was admissible so far as the record before us shows, because there is nothing in this testimony, or in the ground, to show that it was connected with the previous case in which the witness had, as attorney, represented the defendant, and nothing in the ground to show what the previous case was about.

The court properly refused to give the requested charge set out in the second special ground, and properly charged as set out in the third special ground. The court's charge relative to the defendant's statement is practically in the language of the statute, and is without error. This disposes of the fourth special ground.

Exception was taken on the ground that the court erred in imposing the following sentence on the defendant: "Whereupon it is considered and adjudged by the court that the said J. B. Ray be kept at labor in chain-gang or public works of said county, or on any other work which county authorities may lawfully have such misdemeanor convicts worked, and when not so at labor that he be confined in the common jail of said county, or such other place as may be selected by said county authorities or of such county wherein he shall be lawfully worked, such labor and imprisonment to continue twelve months from inception; from which labor and imprisonment he may at any time be discharged on payment of a fine of $50, including all costs, and in addition to said fine making restitution to E. R. Lockridge $300." It was contended that the court erred in passing said sentence "because it is violative of article 1, section 1, paragraph 21 of the constitution of the State of Georgia, which says, 'there shall be no imprisonment for debt.'"

However equitable it may seem that the victim of the transaction should be paid the money which he was induced to part with by fraudulent representations, there is no provision in the law of our State for hanging over the head of a convicted criminal the threatened enforcement of an imposed sentence for the purpose of coercing him to pay a debt. Our criminal laws can not be invoked to enforce the payment of debts. The trial judge in a criminal case has no legal right to impose a sentence in terrorem. But the State contends the real sentence was twelve months at labor and imprisonment, and that "the sentence merely gives the defendant the privilege of paying the $300 and being relieved from making the twelve months sentence, and that it is not definitely imposed or

demanded by the court." This may be true in ordinary parlance, but our courts have put a different construction on such a sentence. The sentence in the instant case used the language, "to be discharged on payment;" and a similar sentence in the case of *Smith* v. *Barrow,* 21 *Ga. App.* 650 (94 S. E. 860), used that identical language. In that case the plaintiff was attempting to recover that portion of a fine in a criminal case which was paid to the ordinary for the use of the prosecutrix. The defendant (in the criminal case) was sentenced "to work on the chain-gang for twelve months, and to be confined in jail for six months, the chain-gang and jail sentence *to be discharged* on payment of a $1,000 fine, without costs of prosecution." The sentence further provided that $900 of this amount should be paid to the prosecutrix for the use of herself and child, and $100 be paid to the State. This sentence was afterwards modified by the court upon the dismissal of the defendant's motion for a new trial, and it was ordered "that the fine of $1,000 heretofore imposed on the defendant in said case be, and the same is hereby, reduced to $500." It was "further ordered that $100 of this amount be paid to the clerk of the superior court of Grady County, to be applied as provided by law, and that the remaining $400 of the fine be paid by the defendant within fifty days from the date of the order, but that the $400 should be paid to the ordinary of Grady County, and be applied by the ordinary to the use and benefit of Julia Davis (the person named in the indictment as the seduced female) from time to time, as her needs and condition, in the ordinary's judgment, might require." In the opinion in that case, the court said (p. 652) : "If the judgments in the instant case are to be construed as imposing a chain-gang and jail sentence, to be discharged on payment of a fine of $100, and an additional sum of $400 to the prosecutrix, as a penalty, then the defendant was entitled to be released upon the payment of the $100 fine, the court being without authority to order him to pay, as a part of the penalty, an additional sum to the prosecutrix. If, however, the judgments, when taken together, are to be construed as imposing a chain-gang and jail sentence, to be discharged on the payment of a fine of $500, and an attempt was made by the court to distribute this fine to the officers of the court and to the prosecutrix for the use of herself and child, then, in order to be relieved, the defendant was under the necessity of paying the $500 fine, and the

latter part of the sentence, attempting to make such distribution of a portion of the fine to the prosecutrix, is to be treated as null and void; for the court, of course, was without authority to make such distribution of the fine, and the whole amount of the fine would be payable to the officers of the court, to be distributed as provided by law. . . The fact that the court was without authority to order a part of the fine to be paid to the ordinary would not render the whole sentence void. . . Only that part which attempted to make such illegal distribution would be void. Though part of a sentence be unauthorized by law, that part will not make void the whole, but that which is good may be enforced."

Though part of the language above quoted may be obiter as to this case, it is sound in principle, is supported by other legal authority, and is applicable to the facts now under consideration. In *Brown* v. *City of Atlanta*, 123 *Ga.* 497 (51 S. E. 507), the Supreme Court held: "A sentence imposing two penalties in the alternative, one of which is unauthorized, is not void, but may be enforced as to the penalty which is authorized." In *Daniel* v. *Persons*, 137 *Ga.*, 826, 829 (74 S. E. 260), the Supreme Court, in speaking of an unlawful qualification to a sentence, said: "Such words in such a sentence are of no legal force, and consequently should be ignored and the sentence executed just as if they did not appear therein."

Had the sentence in the present case provided that the defendant be discharged upon the payment of a fine of $350, $50 to go to the officers of court, and $300 to Lockridge, the portion of the sentence providing for such *distribution* would have been null and void, but the defendant would have to pay the fine of $350 before he could be relieved from the chain-gang sentence; and the distribution of the fine would have been made as provided by law. However, the language employed by the court makes it plain that the payment of the $300 was *not a part of the fine*. The sentence provides that the defendant "may at any time be discharged on payment of a fine of $50 including all costs, *and in addition to said fine* making restitution to E. R. Lockridge $300." The words, "and in addition to said fine making restitution to E. R. Lockridge $300," in such sentence "are of no legal force, and consequently should be ignored and the sentence executed just as if they did not appear therein." With this direction, the judgment of the court overruling the motion for a new trial is affirmed.

*Judgment affirmed with direction. Broyles, C. J., and Blood-worth, J., concur.*