## 40615.   LAMB v. THE STATE.

NICHOLS, Presiding Judge.   Based upon an affidavit and warrant charging the defendant with "the offense of driving under the influence, W. Americus on U.S. 280 in said County, on the 16th day of Sept., 1963," an accusation was filed in the City Court of Americus charging the defendant with "the offense of a Misdemeanor, for that the said W. C. Lamb on the 16th day of September, in the year Nineteen Hundred and Sixty-three in the county aforesaid, did then and there, unlawfully and with force and arms, drive and operate a motor vehicle in said county while under the influence of intoxicating liquors, contrary to the laws of said State." Before pleading the defendant demurred to such accusation because the affidavit on which it was based failed to charge the commission of a criminal offense under the laws of Georgia, because the accusation was broader than the affidavit, and because neither the affidavit nor warrant on which the accusation was based charged the defendant with any criminal offense.   The trial court overruled the defendant's demurrers and the defendant now assigns error on such adverse judgment.   *Held:*

The affidavit failed to charge the defendant with the commission of any crime for it fails to show what he was under the influence of or what he was driving.   The accusation could not be broader than the affidavit, *Blake v. State,* 112 Ga. 537 (37 SE 870), *Glass v. State,* 119 Ga. 299 (46 SE 435), and the affidavit fails to charge the defendant with any crime. Where the affidavit charges an offense against the laws of the State the accusation may particularize such violation. *Blake v. State,* supra, but where the affidavit fails to show the violation of any law no valid accusation can be based thereon.   See *Collum v. Turner,* 102 Ga. 534 (27 SE 680); *Alexander v. West,* 6 Ga. App. 72 (64 SE 288); *Cain v. Kendrick,* 72 Ga. App. 392 (33 SE2d 883).   The trial court erred in overruling the defendant's demurrers to the accusation which attacked the accusation because no crime was charged in the affidavit on which it was based and the further proceedings were nugatory.

*Judgment reversed.   Hall and Russell, JJ., concur.*

DECIDED MARCH 13, 1964.

*Charles Burgamy*, for plaintiff in error.
*Jack Murr, Solicitor*, contra.