41453. MAURIER v. THE STATE.

PANNELL, Judge. Upon an affidavit charging the accused with cheating and swindling on a certain date in Washington County, an accusation was drawn charging the offense in detail. The defendant was tried and convicted in the City Court of Washington County and was sentenced to pay a small fine to include the cost, and in default of the payment of the fine, to be confined in a public works camp for a period of six months. The sentence further provided that the six-months sentence be suspended "provided the defendant makes restitution in the amount of $35.20." The case is before this court complaining of the overruling of demurrers to the accusation, that the verdict and judgment were contrary to law and the evidence, and complaining of the overruling of a motion in arrest of judgment. *Held:*

1. A charge of "cheating and swindling" is a sufficient charge of an offense against the laws of this State in an affidavit upon which an accusation may be based charging the offense in detail (*Murray v. State,* 30 Ga. App. 641 (1) (118 SE 760); *Hunter v. State,* 4 Ga. App. 579 (1) (61 SE 1130); *Crawford v. State,* 4 Ga. App. 789, 795 (1), (62 SE 501); *Lewis v. State,* 28 Ga. App. 681 (113 SE 228)), and is sufficiently broad to include the offense of cheating and swindling, as alleged in the accusation, by the giving of a check for merchandise representing at the time that the check would be paid upon presentation but with knowledge that the check would not be honored upon presentation because of a stop-payment order previously given by the accused. See *Blake v. State,* 112 Ga. 537 (37 SE 870). In the case of *Lamb v. State,* 109 Ga. App. 350 (136 SE2d 251), relied upon by the accused, it was held that the affidavit and warrant failed to charge the defendant with the commission of any crime and were therefore insufficient to support an accusation.

2. A person may be charged in an indictment or accusation un-

der the name by which the accused is generally known and called, whether this be the true name of the accused or not. *Wilson v. State,* 69 Ga. 224 (1). Upon like-principles, it would be proper to charge a married woman by her husband's name prefixed by "Mrs."

3. Even if a generally stated ground of a motion to set aside a judgment, which ground alleges that there are defects, not amendable, appearing upon the face of the record, may be construed to include and refer to the defect of failing to file the accusation with the clerk of court, such ground is not a valid ground for the arrest of the judgment, as the defect is amendable. *Smith v. State,* 17 Ga. App. 612 (1) (87 SE 846).

4. A demurrer to an accusation on the ground that it fails to set forth an offense under the laws of this State is insufficient to present any question as to whether the accusation is defective because it has not been filed with the clerk of the court.

5. That restitution to the injured party may be a condition imposed for suspending a sentence upon conviction of an offense against the laws of this State, does not prevent the sentence from being valid and legal, and is not violative of Art. I, Sec. I, Par. XXI of the Constitution of 1945 (*Code Ann.* § 2-121), providing that "there shall be no imprisonment for debt." *Davis v. State,* 53 Ga. App. 325 (185 SE 400). The payment of restitution here was not a requirement for *discharge* of the defendant as was true in *Ray v. State,* 40 Ga. App. 145 (149 SE 64); the only requirement for discharge here is that the defendant pay the fine imposed, or, in lieu thereof, serve a six-months sentence.

6. Upon application of the above principles to the demurrers and motion in arrest of judgment, it appears that the trial court did not err in overruling them. There being no brief of evidence in the record, it is impossible for this court to consider the complaint that the evidence did not authorize the verdict.

*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.*

SUBMITTED SEPTEMBER 9, 1965—DECIDED SEPTEMBER 20, 1965.

*Casey Thigpen,* for plaintiff in error.
*Thomas A. Hutcheson, Solicitor,* contra.