12685. JONES *v.* THE STATE.

BROYLES, C. J. The evidence relied upon for the conviction of the accused was wholly circumstantial and was not sufficient to exclude every reasonable hypothesis save that of his guilt. It follows that his conviction was contrary to law and the evidence, and that the judge erred in overruling the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*
DECIDED NOVEMBER 16, 1921.

Indictment for manufacture of intoxicating liquor; from Paulding superior court — Judge Irwin. June 3, 1921.

The sheriff testified, that while he and one Clark were searching in a swamp for a still, they saw the defendant " sitting just below the road, behind some maple saplings, " at a distance of 221 steps from where they afterwards discovered the still, and he asked the defendant what he was doing, and the defendant said he had been to Mr. Coles to trade some chickens; the sheriff then asked him if there was a still down the branch, and he said he did not know; and, after leaving the defendant and going a distance of about 20 or 30 yards, the sheriff heard the firing of a pistol and looked back and saw the smoke " apparently back about where [the defendant] was," but did not see the defendant. The sheriff and Clark ran towards the place where they discovered the still, and when they got in sight of it they saw two persons going off from it; there was no one at the still when they found it; they found that corn whisky was being made there. Clark testified that when he heard the pistol shot he " looked back up the way " they had left the defendant, and saw smoke " boil up in the direction " in which they had left the defendant. It was testified that the defendant " did not live right around there; some of his land was there; the path he was on did not lead to the still; it led to Mr. Coles' place." The still could not be seen from where the defendant was. The sheriff testified (over objection) that he knew the signals given of the approach of officers to stills, and that one shot means to get away and leave everything alone, that the officers are so close that there is no time to save anything, and that two shots mean tear out the still and get away. It was admitted on the part of the State that at the time referred to by the witnesses, the defendant was suffering with shingles, and was not able to ride on a wagon or car, and " all he could do was to walk about slow. " Witnesses for the defendant testified that they were picking cotton in a field not far from him at the time referred to by the State's witnesses, and saw him and heard the shot, and saw the place where the gun fired, and it was about 50 or 75 yards from where the defendant was. The defendant, in his statement at the trial, said that he had nothing to do with the making of the liquor, and knew nothing about it, and that the shooting mentioned by the witnesses was not done by him.

*A. L. Bartlett, W. E. Spinks,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.