12951. TANKSLEY, alias CHISHOLM, *v.* THE STATE.

A conviction under the count charging forgery was not authorized by the evidence. (BROYLES, J., dissents.)

The defendant having been convicted upon each count of the indictment, and a conviction upon one of the counts being unauthorized, the trial judge erred in not granting the motion for a new trial.

DECIDED DECEMBER 15, 1921.

Indictment for forgery, etc. ; from Chatham superior court — Judge Meldrim. September 10, 1921.

From the evidence it appears that an order for certain articles, with a request that change for. $20 be sent with the articles, came

over the telephone to a drug-store from a person who said that he was Dr. I. D. Williams, and a messenger was thereupon sent from the drug-store with the articles and with the change requested, and received from the man to whom he delivered the articles and the money a check on a bank for $20, signed " I. D. Williams " and payable to " Anderson Pharmacy " (the name of the drug-store). The messenger testified: " I would know the man I gave the money and the goods to. He was a dark-skin man. I think I would know him if I saw him;" but it does not appear that the witness identified the defendant as the man referred to. Dr. I. D. Williams testified that he did not sign the check or authorize the signing of his name to it, and did not order or receive the articles or the money referred to. A detective, testifying as to his investigation of the forgery and the arrest of the defendant, said: " He made a statement to me, . . freely and voluntarily. He admitted us having a case on him. That same evening he admitted it and asked me not to try him until he could remember what he had done with the goods, so that he could recover them. We never recovered any of the goods. He said that he disposed of the goods to country people around the market, and wanted me to take him around the market so that he could show the parties to whom he sold the stuff. . . He was to assist as much as possible to recover the goods, but nothing came of it. . . I recovered some more checks; . . there were eleven or twelve of them altogether." The defendant, in his statement at the trial, said that the checks found on his person by the officer had been picked up by him in the street, where he saw a man drop them, and that he was innocent of the charge upon which he was being tried. The detective testified, in rebuttal: " I have seen this check before (referring to the check copied in the indictment). I interrogated the defendant on the subject of it. He admitted getting the goods and cashing the check. . . I had other checks besides the one in this case. I read them off to him and questioned him as to what he had done with the goods in each instance; he told me that he had sold most of them to countrymen. . . As to the signing of the checks, he did not admit signing any of them." The witness stated that the defendant was taken to several places, for identification, but was identified only at one place, where he was identified as having sold certain tires gotten from a certain tire company.

*David S. Atkinson,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

LUKE, J. The defendant was indicted upon two counts,— one charging forgery, and the other charging the uttering of a forged instrument. The defendant was convicted upon both counts. The evidence did not authorize the conviction under the count which charged the offense of forgery. There having been a conviction under both counts of the indictment, and the evidence not authorizing the conviction under one of the counts, it was error for the court to overrule his motion for a new trial.

*Judgment reversed. Bloodworth, J., concurs.*

BROYLES, C. J., dissenting. In my opinion the evidence was sufficient to authorize the defendant's conviction under both counts of the indictment.