### 16516.  LEACH et al. v. THE STATE.

BLOODWORTH, J.  1. A copy of a check, embodied in a count of the indictment charging that the accused uttered as true a forged check, showed the date of the check as being January 24, 1924. A check dated January 24, 1925, was introduced in evidence over the objection that its date was different from the date of the check embodied in the count of the indictment under discussion. "A written instrument set forth according to its tenor in an indictment must be proved as alleged;" hence, where an indictment for uttering a forged check contained a copy of the check, including the date, and it was not charged that the forgery extended to a change of the date of the check, it was error to admit in evidence a check bearing a date different from that alleged in the indictment. *Perkins* v. *State,* 29 *Ga. App.* 278 (3), 280 (3) (115 S. E. 27).

2. A general verdict of guilty upon an indictment in two counts, one charging the forgery of a check and the other charging the uttering of a forged check as true, is not authorized when the evidence, as in this case, does not support the latter charge. *Jones* v. *State*, 27 *Ga. App.* 601 (110 S. E. 626) ; *Williams* v. *State*, 27 *Ga. App.* 609 (110 S. E. 37) ; *Tanksley* v. *Chisholm*, 28 *Ga. App.* 36 (110 S. E. 627). The case of *Berrien* v. *State*, 156 *Ga.* 380 (119 S. E. 300), cited by counsel for defendant in error, is differentiated from the present case in that while the indictment in that case contained several counts, each charged the same felony,—larceny after trust,—but in different ways.

3. It is not necessary to pass upon the allegations of error not dealt with above, as they are not likely to recur on another trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 20, 1925.

Indictment for forgery; from Whitfield superior court—Judge Tarver. May 6, 1925.

*William E. & Gordon Mann,* for plaintiffs in error.

*C. C. Pittman, solicitor-general,* contra.