### 18998. O'NEAL et al. v. The State.

BROYLES, C. J. The accusation, under which the defendants were tried together, contained two counts. The first count charged them with possessing whisky. The second count charged them with knowingly allowing one to locate distilling apparatus on their premises. The jury returned a verdict finding the defendants "guilty on counts number one and number two." The evidence demanded the defendants' conviction under the first count of the indictment, but did not authorize their conviction under the second count. The defendants made a motion for a

new trial, and the court overruled the motion as related to the first count, and granted it as related to the second count, and the defendants excepted. *Held*, that the verdict, while specifying the particular counts to which it related, was nevertheless a general verdict (*Tooke* v. *State*, 4 *Ga. App.* 495, 502, 61 S. E. 917), and "a general verdict of guilty upon an indictment containing two counts charging different offenses can not be sustained where there is no evidence to support a conviction upon one of the counts." *Lee* v. *State*, 32 *Ga. App.* 333 (123 S. E. 49), and cit. The trial court had no authority to split up the verdict and to grant a new trial on one count of the accusation and to deny a new trial on the other count.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 10, 1928.

*W. A. Dampier,* for plaintiffs in error.
*J. A. Merritt, solicitor,* contra.