20952. SANDERS *v.* THE STATE.

DECIDED DECEMBER 18, 1930.

*Dampier & Watson,* for plaintiff in error.
*Fred Kea, solicitor-general,* contra.

LUKE, J. The indictment in this case contains two counts, the first charging Will Sanders with carrying a pistol without having first taken out a license and given bond; and the second charging him with carrying a concealed pistol. Both offenses were alleged to have been committed in Laurens county on July 26, 1930. The jury found the defendant "guilty on count 1 and 2," and the court sentenced the defendant to serve twelve months on the chain-gang for each offense.

Mrs. J. Hardy Smith testified: that at about 10:30 o'clock on a certain Saturday night she saw the defendant and a negro girl in the J. C. Penney Company's store in Dublin, Ga.; that both negroes were across the counter from witness, and defendant was begging the girl to go home; that witness had asked the negroes if she could do anything for them, and had been observing them in the store for twenty or thirty minutes; that witness saw a pistol in defendant's hand, and that the girl had hold of his hand try-

ing to keep him from shooting her; that defendant fired the pistol and the bullet came very near striking witness; and that witness did not know where the defendant got the pistol from. We quote from this witness's testimony the following: "They were standing near my department all the time, and I could not help but see them, and I did watch them all that time. During the twenty or thirty minutes I observed the defendant previous to the time I saw him with a pistol in his hand I had not seen that pistol. I did not see it until he went to shoot. . . He discharged that pistol immediately after I first saw it in his hand." On cross-examination this witness swore: "The pistol ball went down in the floor. I was behind the counter. The first time I saw the pistol the defendant had it in his hand. I don't know where he had it. When the girl screamed I looked and saw the pistol in his hand. I don't know where it came from. . . I would not swear that the defendant took the pistol out of his pocket. I would not say that the girl did not have it in her pocket; but when I saw the pistol the defendant had it in his hand. . . I was so excited at the time I could not swear that the defendant was in his shirt-sleeves. I would not say that he was, or was not." George Wood, who arrested the defendant, testified: that the first time he saw the pistol it was in the defendant's hand; that the negro girl had the defendant by the wrist, and the defendant was apparently trying to shoot her; that the defendant tried to "snatch loose" from witness, and witness drew his pistol and made defendant drop his weapon; and that the defendant had a belt on, but no coat. The defendant stated to the jury that the negro girl tried to shoot him, and that he seized the hand she had the pistol in; that while they were struggling over the pistol it went off and shot a hole in the floor, and that he then dropped the weapon.

It is not contended that the evidence does not support the finding of the jury that the defendant carried a pistol without having first procured a license to do so, and our inquiry concerns the second count of the indictment. Briefly stated, the strongest evidence against the defendant is that Mrs. Smith, who had been observing him for some time, suddenly saw in his hand a pistol which she had not seen before. We do not think that this evidence excludes every other reasonable hypothesis than that of the guilt of the accused. Especially are we satisfied that this is true in view of the

fact that it appears from the record that Mrs. Smith was an employee in the store on a night when she says there were between thirty and forty customers present, and that neither Mrs. Smith nor any other witness saw where the pistol came from or knew that it had ever been concealed. Furthermore, the defendant had on a belt, and did not have a coat on. He could have had the weapon in his belt or in his hip-pocket, and yet not have had it concealed. See *Smith* v. *State,* 113 *Ga.* 645 (38 S. E. 945). Having reached the conclusion that the evidence does not support the charge made in the second count of the indictment, "it must follow as the night the day" that the verdict is nothing more or less than a general verdict, and is not supported by the evidence. *O'Neal* v. *State,* 38 *Ga. App.* 355 (144 S. E. 29).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*