## 24938. BYRD *v.* THE STATE.

DECIDED JULY 19, 1935.

*Reuben A. Garland,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J. The defendant was indicted in two counts; one charging the possession and control of 35 gallons of whisky in cans and 3 quarts of whisky in bottles at 655 Whitehall Street; and the other count charging that he sold one quart of whisky to C. L. Russell for $1.50.

The evidence for the State shows that C. L. Russell drove his automobile into an alley adjoining defendant's place of business and ordered from a negro, who came out to his car, a quart of whisky. The negro went off. The defendant came out and asked Russell to drive his car a little further and let a truck come into the alley. Russell complied. The negro came back, and the liquor, one quart of Bacardi Rum, was handed to Russell's wife. Byrd and the negro were standing by the car when this happened. Russell took a $5 bill out of his pocket and handed it to Byrd, and Byrd gave him back $3.50 in change. Russell did not see who handed the whisky to his wife. An officer testified that he saw the transaction and that he saw the negro come out of a vacant store next to Byrd's place of business with a package in his hand wrapped in a brown paper sack, and that he handed the package to Byrd and Byrd handed it to Russell's wife, who was sitting in the car. The officers immediately came up while Byrd was standing within two

feet of the car, and got the liquor which had been handed to Russell, and Russell told them at the time that he had just bought it from Byrd. Byrd was arrested on the spot. He had a $5 dollar bill in his hand. The adjacent building entered by the negro was searched and 30 gallons of whisky and two quarts of Bacardi Rum, similar to that sold to Russell was found therein. The defendant denied any criminal connection with the sale, and stated that the whisky seized by the officers was in a building two doors from him and did not belong to him.

The jury returned a verdict of guilty of selling whisky, and no verdict on the count charging the possession of 30 gallons. The evidence was ample to support a verdict of guilty of selling, either as principal or as aiding and abetting the sale. It is insisted that the verdict rendered is repugnant. The case of *Kuck* v. *State,* 149 *Ga.* 191 (99 S. E. 622), is cited in support of this contention. It will be noted that in the *Kuck* case the defendant was charged generally with having, possessing, and controlling certain spirituous, alcoholic, and intoxicating liquors, and was also charged generally with selling such liquors. It was there held that a verdict of guilty of selling such liquors and not guilty of having or possessing the same liquors was repugnant, it being in effect one transaction. A verdict finding a defendant guilty of selling one quart of whisky to a named man and not guilty of possessing 30 gallons of whisky at another place is not inconsistent or repugnant. This exact point was decided adversely to the contentions of the plaintiff in error in *Boyd* v. *State,* 156 *Ga.* 48 (118 S. E. 705). It was there held that where one count in an indictment is for selling whisky and the other count is for having the same whisky, a verdict of guilty as to selling and *silence* as to the other count is not repugnant. This is true for the reason that where a trial is had on two counts of an indictment and a verdict of guilty is returned on one count alone, such verdict amounts to an acquittal as to the other count, but such acquittal does not vitiate a conviction on the count upon which the verdict is returned.

■ Error is assigned on the charge of the court as to the admissibility and effect of proof of other similar crimes committed by the defendant. The charge was correct as an abstract principle of law, and there was evidence introduced as to the commission of similar crimes by the defendant. No error is assigned, in the peti-

tion for certiorari, on the admission of this evidence, although it is shown that it was objected to when offered. There is a statement of colloquy of counsel and objection made in the brief of evidence set out in the petition for certiorari, and a statement therein that error is assigned thereon, but when petitioner comes to set out in detail the assignments of error, the admission of this testimony is not referred to, and such ground is abandoned in the brief filed in this court, except as being pertinent to the assignment on the charge of the court.

The evidence supports the verdict. The remaining assignments of error are without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*