30855. ANDERSON *v.* CITY OF VALDOSTA.

DECIDED JULY 14, 1945.

*H. B. Edwards,* for plaintiff in error.

*O. W. Franklin,* contra.

BROYLES, C. J. G. L. Anderson was convicted in the recorder's court of the City of Valdosta of violating a certain ordinance of the city. His certiorari was overruled in the superior court and that judgment is assigned as error. The material portions of the ordinance are as follows: "Section 1. From and after the passage of this ordinance it shall be unlawful for any person, either for himself, or as agent for another, to have in his possession in said city any ticket, number, or anything else, representing a chance in any lottery, gift enterprise, or other similar scheme or device, irrespective of whether such lottery, gift enterprise, or other similar scheme or device is operated, or is to be operated in the City of Valdosta or not, provided such possession of same by such person is held for the purpose of engaging in or participating in any such lottery, gift enterprise, or other similar scheme or device. Section 2. The possession in said city by any person of any such ticket, number, or anything else, representing a chance in any lottery, gift enterprise, or other similar scheme or device, shall be prima facie evidence of the violation of this ordinance by such person."

Counsel for the defendant made a timely motion in the trial court to dismiss the case on several grounds, but said counsel in his brief to this court argues only ground 5, which reads as follows in the record here presented: "We move to dismiss it on the ground that it [the ordinance] is in strict violation of the constitution of the United States, article 6, paragraph 1805, which is in conflict with that section of the constitution, making one prima

facie guilty of crime by having in his possession certain tickets or other such articles and thus presuming one guilty of an alleged offense and thereby taking his rights without any due process of law." There is no paragraph 1805 of the constitution of the United States; and the allegation in the above-quoted motion, that said paragraph "is in conflict with that section of the constitution making one prima facie guilty of crime by having in his possession certain tickets or other such articles and thus presuming one guilty of an alleged offense, and thereby taking his rights without any due process of law," is meaningless, there being no such section of the constitution.

The record in this case was certified and transmitted to the superior court by the recorder in his answer to the petition for certiorari, and the answer was not traversed or excepted to. Therefore the record as certified by the answer was binding on the judge of the superior court, and is controlling on this court; and the recorder did not. err in denying the motion to dismiss the case. Counsel for the plaintiff in error fails to allege in his brief to this court that the evidence was insufficient to authorize the judgment of the recorder. That question, therefore, is treated as abandoned. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*