31660. WELLS *v.* THE STATE.

GARDNER, J. The defendant was tried on an indictment in the Superior Court of Fulton County before a judge without a jury. The indictment contained two counts. The first charged larceny after trust of $80; the second charged larceny after trust of certain automobile tools. The court found the defendant guilty on both counts. A motion for a new trial was filed on the general grounds and was overruled as to both counts. It is conceded by the plaintiff in error that the exception to the overruling of the motion for a new trial as to count 1 is not meritorious, but it is insisted that the evidence as to count 2, being wholly circumstantial, is insufficient as a matter of law to sustain a conviction. In this view we agree. The evidence as to count 2 substantially shows that a Mr. Bradford entrusted the tools in question to the defendant to operate a garage for Bradford. Some few days thereafter Bradford went to the garage to check up with the defendant concerning the garage business. He found the door closed, but not locked. On entering, Bradford discovered that the tools which had been in the garage and which he had entrusted to the defendant were gone. He made an effort to locate the tools at various pawnshops, but they were never located. The defendant got in trouble with some other person with reference to the $80, and perhaps in some other trouble. He became a fugitive from justice. Within two or three months he was apprehended. He stated to Bradford that some other boy got the tools, but that he was willing to go back to work

and pay Bradford for them. The defendant stated to one officer that the list of tools which the officer presented to him was stretched a little; that there were not that many tools in the garage. The officer testified that the defendant did not deny to him getting the tools. In our opinion, under the Code, § 38-109, the section with reference to a conviction under circumstantial evidence and the many annotations thereunder, the evidence as to this ground is insufficient to exclude every other reasonable hypothesis save that of the guilt of the accused. We are not unmindful, in this connection, of the principle of law with reference to recent possession. This rule applies to recent possession of stolen property. While the suspicious circumstances pointing to the defendant's guilt are strong, they do not exclude the hypothesis that the defendant in his haste to get away from his other entanglements, carelessly left the garage unlocked and someone else got the tools therefrom. Neither the defendant nor any other person was found in possession of any of the tools after they had been removed from the garage. The judgment of the court is affirmed as to count 1, but reversed as to count 2. This procedure is authorized under the principle laid down in *Lee* v. *State,* 66 *Ga. App.* 613, 617 (18 S. E. 2d, 778).

*Judgment affirmed as to count 1, and reversed as to count 2. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 3, 1947.

*Frank A. Bowers,* for plaintiff in error.

*Paul Webb, Solicitor-General, James Dorsey, J. Walter LeCraw,* contra.