## 36504. EDENFIELD *v.* THE STATE.

CARLISLE, J. 1. It is not the object of a motion for new trial to call in question the legal sufficiency of the pleadings of the plaintiff or the sufficiency of an indictment (*Kelly* v. *Strouse*, 116 *Ga.* 872, 874 (6), 43 S. E. 280; *General Seat &c. Co.* v. *Bergen & Sons,* 91 *Ga. App.* 431, 432, 85 S. E. 2d 778); and where in the bill of exceptions no error is specifically assigned upon the overruling of a demurrer to an indictment, there is no question presented to this court for determination of that matter even though error be assigned upon such ruling in one of the special grounds of the motion for new trial.

2. Where, upon the trial of one charged with the arson of a dwelling house under an indictment charging that the offense was committed by the defendant and two other named persons (both of whom have already been tried and convicted), and the only evidence connecting the defendant on trial with the offense is the testimony of one of the alleged accomplices—the other named defendant not testifying at all—the evidence is insufficient to authorize his conviction, as in felony cases, the testimony of an accomplice must be corroborated. Code § 38-121; *Jennings* v. *State,* 13 *Ga. App.* 678, 680 (79 S. E. 756); Code (Ann.) § 26-2208; *Chambers* v. *State,* 68 *Ga. App.* 338 (2) (23 S. E. 2d 545). The trial court, consequently, erred in denying the motion for new trial.

3. As the case must be remanded for a new trial, the other assignments of error, being such as not likely to recur, are not passed upon at this time.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 22, 1957.

*Williams & Smith,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

The defendant, John N. Edenfield, was tried and convicted under an indictment which charged and accused him "and Maggie Shumake, (along with Willie Hudson who has already entered his plea of guilty upon an accusation) . . . with the offense of arson, first degree, for that the said John N. Edenfield, Maggie Shumake and Willie Hudson on the nineteenth day of April, in

the year of our Lord, one thousand nine hundred and fifty-five . . . did then and there, unlawfully, and with force and arms, wilfully and maliciously set fire to and burn and cause to be burned, and did aid, counsel and procure the burning of a certain dwelling house located on Gumlog Street in the City of Swainsboro, the same being the property of Mrs. Virginia N. Dawkins, Edsel Dawkins, and Sara Rose Dawkins, and being rented, at the time, by the said Maggie Shumake. . ."

The defendant demurred to the indictment upon various grounds, all of which were overruled by the trial court. His bill of exceptions in this court contains no specific assignment of error to the judgment on the demurrers.

In addition to the verdict finding the defendant, Edenfield, guilty and placing his punishment at not less than two years nor more than three years on April 11, 1956, the reverse side of the indictment contained the following verdict: "We, the jury, find the defendant [Maggie Shumake] guilty and place her punishment at not less than 10 years nor more than 15 years. This the nine day of April, 1956."

The defendant's motion for new trial, based on the usual general grounds and six special grounds, was denied and he excepted.