### 38508. JOSEY v. THE STATE.

CARLISLE, Judge. 1. Where one seeks by a pleading in a criminal action to invoke a constitutional protection or guarantee, it is incumbent upon him to specify plainly and distinctly the particular constitutional provision that he invokes, and where a defendant in a criminal prosecution seeks to assert that the procedure followed by the State in the prosecution violates a particular constitutional right, it is incumbent upon him to point out specifically and definitely the particular provision which he contends has been violated. *Lee v. City of Atlanta,* 197 Ga. 518 (2) (29 S. E. 2d 774); *Price v. State,* 202 Ga. 205 (1) (42 S. E. 2d 728); *Flynn v. State,* 209 Ga. 519, 521 (74 S. E. 2d 461).

2. Under the above cited authorities, where the defendant filed a motion to dismiss an indictment, asserting in that motion that the delay as set forth therein in prosecuting him under the indictment was "a violation of the duty imposed upon the State to provide the accused with a speedy trial as required by the Constitution of the State of Georgia, Art. I, Par. V," and that "the failure of the State to arraign or notify the accused of the indictment was a violation of and contrary to the provisions of Art. I, Par. II of the Constitution of the State of Georgia"; and that the failure of the State of Georgia to prosecute the indictment against the accused was "a violation of the right of the accused to a speedy trial as guaranteed by the provisions of Art. VI of the Constitution of the United States," such allegations were too vague and uncertain and indefinite to raise or present any question for decision by the court thereon. The Constitution of the State of Georgia is subdivided into articles, sections and paragraphs, in that order, and the pleading in this case which failed to point out the particular section of Art. I in which the paragraph V and the particular section of Art. I in which the paragraph II referred to may be found was too indefinite to call to the court's attention the particular part of the Constitution which the pleader contended had been violated.

3. The contention that the failure to prosecute him for 17 years violated Art. VI of the Constitution of the United States is too vague, indefinite and uncertain. That article contains provisions validating debts incurred by the United States prior to the adoption of the Constitution, a general provision that the Constitution and treaties entered into pursuant thereto are the supreme law of the land and a provision that holders of public office of the United States and the various States shall take an oath or affirmation to support the Constitution and that no religious test shall ever be required as a qualification for any public office or trust under the United States. The contention that the failure of the State of Georgia to prosecute the accused for a period of 17 years amounted to a violation of his right to a speedy trial as guaranteed under those provisions is wholly meaningless. *Anderson v. City of Valdosta,* 72 Ga. App. 703 (34 S. E. 2d 902).

4. There is no provision of law of force in this State which requires that one charged with a crime be notified of the pendency of an indictment within any particular time. The cases

of Twining v. New Jersey, 211 U. S. 78, 111 (29 S. Ct. 14, 53 L. Ed. 97); Holmes v. Conway, 241 U. S. 624, 630 (36 S. Ct. 681, 60 L. Ed. 1211); and Powell v. Alabama, 287 U. S. 45, 68 (53 S. Ct. 55, 77 L. Ed. 158); cited in Snyder v. Massachusetts, 291 U. S. 97, 105 (54 S. Ct. 330, 78 L. Ed. 674), which latter case is cited and relied upon by counsel for the plaintiff in error, hold merely that what the Fourteenth Amendment to the U. S. Constitution guarantees is that before a judgment of conviction may be enforced the defendant must be given notice of the charges and afforded an adequate opportunity to be heard in defense thereof. In the instant case, the defendant has not been tried and convicted under the indictments which he seeks to have dismissed, and since there has been no proceeding under those indictments he has not been harmed by the mere fact that they are pending against him.

5. The defendant's motion to dismiss the indictment shows on its face that he has not availed himself of the remedy afforded him under the provisions of *Code* § 27-1901. The allegation that the provisions of this Code section are not available to the defendant is a bare conclusion unsupported by any facts alleged. For this court to hold at this stage of the matter that this law is not available to the defendant or that as it will be applied to him under the particular circumstances alleged, it amounts to a denial of due process, would require this court to assume that the trial judge to whom the application for permission to demand trial might be presented would deny such permission and that in so doing he would abuse his discretion. This court will not presume to determine in advance what judgment the trial court will render on such an application, nor will it presume to judge whether the court will abuse its discretion in the matter. The absence of the defendant from the county having jurisdiction to try him does not render the remedy of § 27-1901 unavailable since defendant has available the writ of habeas corpus ad deliberandum et recipiendum to compel the production of his person in Terrell County for the purpose of trying him on the pending charge. The judge of the superior court did not err in sustaining the general demurrer to the motion to dismiss.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*

DECIDED OCTOBER 31, 1960—REHEARING DENIED NOVEMBER 18, 1960.

710

*Benjamin B. Blackburn, III,* for plaintiff in error.
*Jesse G. Bowles, Solicitor-General pro tem,* contra.