39284.   McDAY v. THE STATE.

FRANKUM, Judge.   John McDay was convicted and sentenced in the Criminal Court of Fulton County on each count of a two-count accusation.  The first count charged: ".  .  . That the said John McDay .  .  . on the 2nd day of September 1957 did keep, maintain and operate a lottery known as the number game, for the hazarding of money, the date herein alleged being an essential averment as to the offense charged. .  ." The second count is the same except that it alleges that the offense therein charged was committed January 6, 1959.  The defendant's petition to the superior court for a writ of certiorari assigned error upon two grounds: First, that the verdict of the jury was contrary to law and the evidence, and, second, that the trial court erred in failing to grant a mistrial on motion of the defendant for reasons discussed in division 3 of this opinion.  The certiorari was overruled.  *Held*:

1. The evidence adduced upon the trial showed that lottery paraphernalia were found at the defendant's place of business, a funeral home, on September 2, 1957, and a witness testified: "I had occasion to see John McDay on the 2nd day of September, 1957.  I saw him standing in front of his place on Auburn Avenue and Piedmont.  It is supposed to be a funeral home.  I was just going to play a figure in the lottery and just played a number with him.  I played the lottery with John McDay here and played fifty cents with John McDay.  I can't recall the number I played now.  I didn't think nothing of it at the time.  I know that number was played on September 2nd, 1957, because Joe and them were arguing about it and he said that number had fell; that that

number had already fallen. I know it was September 2nd, 1957, I played that number because it was Labor Day that Monday, and Monday was the first and it was played for the next day. That is the way I remember it." The evidence was sufficient to support the conviction of the defendant on count 1 of the accusation. See *Turk v. State*, 55 Ga. App. 732 (191 SE 283); *Stovall v. State*, 68 Ga. App. 27 (21 SE2d 914).

2. The evidence as to count 2 was entirely circumstantial, and although it raised a suspicion of the defendant's guilt, it was insufficient to exclude every other reasonable hypothesis save that of his guilt.

3. While a witness for the defendant was being cross-examined by the solicitor the defendant made the following motion for a mistrial: "I move for a mistrial at this time on the grounds that the solicitor is showing a group of indictments [against the witness] in the presence of the jury, and is thereby prejudicing the defendant's case by bringing in the offense of abandonment, which does not involve moral turpitude, or even go to the creditability of the witness, or tend to impeach him, and it is not the proper way to lay the foundation to impeach anyone, and I ask for a mistrial because of his parading this long record around in the presence of the jury." The motion was overruled, and the defendant, in an assignment of error, contends that this ruling was erroneous. The court did not err in overruling the certiorari on this ground, since the untraversed answer of the judge who presided during the trial of the case states that the contents of such papers were not visible to the jury. Therefore, no harm could have resulted. When the superior court is ruling on an assignment of error made in a petition for certiorari, the untraversed answer of the judge who presided at the trial is controlling as to the facts which transpired. *Crowder v. State*, 87 Ga. App. 37 (73 SE2d 85). This ground is without merit.

4. The jury returned a general verdict of guilty against the accused on each count of the accusation, in form, as follows: "We, the jury, find the prisoner guilty on count No. 1. Guilty of count No. 2." In *Lee v. State*, 66 Ga. App. 613, 620 (18 SE2d 778), this court said: "The indictment on which the defendant was tried contained 6 separate counts

charging the defendant with the offenses of assault and battery on six different persons on different dates. Before trial count 1 was nol-prossed. The defendant was convicted on the remaining counts. A motion for new trial was filed on the usual general grounds, which was amended by adding five special grounds. The court denied the motion except as to count 4, on which a new trial was granted. To this judgment the defendant excepted. 1. The only assignment of error on the general grounds is concerning the verdict in connection with the judgment granting a new trial as to count 4 of the indictment. It is contended that the verdict was general and indivisible, and that since there was not sufficient evidence to support count 4, the verdict was bad as to the other counts." In that case the jury returned the following verdict: "We, the jury, find the defendant guilty on counts 2, 3, 4, 5, and 6." The court held (p. 617): "This was not a general verdict as to the indictment as a whole. It was a general verdict as to each count. It was in effect the same as if the defendant was being tried at the same time on an equal number of separate and distinct indictments, each containing the same allegations of a count, and the court properly, so far as this assignment of error is concerned, sustained the verdicts as to counts 2, 3, 5, and 6 and set aside the verdict for lack of evidence as to count 4, in his judgment." Likewise, the verdict in the instant case was not a general verdict as to the accusation as a whole, but it was a general verdict as to each count of the accusation. *Lynes v. State,* 46 Ga. 208; *Martin v. State,* 73 Ga. App. 573 (37 SE2d 411). The rulings in *Sanders v. State,* 42 Ga. App. 387 (156 SE 285), *O'Neal v. State,* 38 Ga. App. 355 (144 SE 29), and *Tanksley v. State,* 28 Ga. App. 36 (110 SE 627), in so far as such rulings appear to be in conflict with *Lee v. State,* 66 Ga. App. 613, supra, are expressly overruled. The court did not err in overruling the defendant's certiorari as to count 1 of the accusation, but did err in overruling it as to count 2.

*Judgment affirmed as to count 1 of the accusation; reversed as to count 2. All the Judges concur.*

DECIDED APRIL 3, 1962.

*John L. Respess, Jr.,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Hinson McAuliffe, Eugene L. Tiller,* contra.