39718. SHOFFEITT v. THE STATE.

DECIDED JANUARY 16, 1963.

*Stow & Andrews, Robert E. Andrews, Frank B. Stow,* for plaintiff in error.

*Jeff C. Wayne, Solicitor General, C. Dent Bostick, C. Frank Strickland, Jr.,* contra.

FRANKUM, Judge. 1. We reverse the judgment of the trial court overruling the defendant's motion for new trial because, as shown by special ground 2, the court permitted, without the

consent of the accused and over his objection, counsel for the State to cross-examine him "at the time" he made his unsworn statement to the court and jury in his defense.

The statutory law of this State with reference to the right of one on trial in a criminal case to make an unsworn statement to the court and jury in his defense is embodied in *Code* § 38-415, and this section provides in part: "The prisoner shall not be compelled to answer any questions on cross-examination, should he think proper to decline to answer." Prior to the decision of the U. S. Supreme Court in Ferguson v. Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783), it was within the discretion of the trial judge to allow or not allow counsel for one on trial in a criminal case to ask the accused questions or make suggestions to him relating to his unsworn statement while he was making such statement in his defense or after he had concluded it. *Corbin v. State*, 212 Ga. 231 (91 SE2d 764), and cases therein cited. The case of Ferguson v. Georgia, *supra*, held that as a matter of right the accused was entitled to be questioned by his counsel to elicit his unsworn statement to the court and jury in his defense.

In the case sub judice, in the order overruling the motion for a new trial the trial judge stated: "I construed [defendant's] request and consent to be examined by his counsel . . . as a consent to be examined, and that he thereby consented to be cross-examined, because when the U. S. Supreme Court in the case of Ferguson v. The State of Georgia, held that the defendant had the right to have his counsel propound questions to him on direct examination to aid him in making his unsworn statement to the court and jury, that holding created a situation in criminal procedure, which was never the legislative intent. The legislature never intended to grant to the defendant the right to be guided by his counsel's direct examination of him and at the same time deny the State the right to cross-examination, without the defendant's consent to be cross-examined." We do not agree with this view for reasons hereinafter stated.

"If, . . . [in making his statement], the prisoner refers to the subject-matter of a suggestion or question which his counsel has made, and prior to such reference the accused has

been notified by the judge that if he answers the suggestion or question he will subject himself to cross-examination, he is not even then lawfully subject to such examination . . . unless he consents thereto, he can not be compelled to answer questions on cross-examination." *Walker v. State,* 116 Ga. 537 (1) (42 SE 787, 67 LRA 426).

The Supreme Court of Georgia said in *Hackney v. State,* 101 Ga. 512, 520 (28 SE 1007): "We do not intend to rule that a defendant who makes a statement cannot be cross-examined. The statute clearly provides that he may; but it is a matter of right to him not to be so examined unless he desires, and this willingness to submit to the examination must be expressed by him, and after he has completed his statement; and without his consent given thereto, neither the court nor counsel can legally propound any question to him."

We do not know of any ruling by any court, and none has been called to our attention, to the effect that the part of *Code* § 38-415 giving the accused the right to decline cross-examination when he makes an unsworn statement to the court and jury in his defense is unconstitutional.

Although the defendant was tried and convicted on May 9, 1961, we do not deem it amiss to remark that subsequently to the decision in the Ferguson case, supra, the General Assembly of this State reviewed *Code* § 38-415, and amended the same by providing that one on trial in a criminal case may, if he so elects, testify under oath, and "may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." But the General Assembly left intact the provisions of this Code section with respect to an unsworn statement. Ga. L. 1962, p. 133.

Therefore, we conclude that in the trial of a criminal case when the accused does not testify under oath but elects to make an unsworn statement to the court and jury in his defense, counsel for the accused may ask him proper questions to elicit his statement, but this does not subject the accused to cross-examination without his consent.

220

While there is much merit in the reasoning of the trial judge that under such circumstances counsel for the State should have the right to cross-examine the accused, we are bound by the words of the statute and the construction placed upon it by the courts. Such question is addressed to the legislature. The court erred in overruling special ground 2 of the motion for new trial.

2. Special ground 1 of the motion presents no question for decision by this court because it would be necessary to consider the evidence in order to pass upon this ground, and since there is not a proper brief of evidence before this court, in that the purported brief of evidence contains colloquies between the court and counsel, motions, objections, and other impertinent matters having no place in a brief of evidence, this special ground and the general grounds will not be considered.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*