## 40051. MIDDLEBROOKS v. THE STATE.

NICHOLS, Presiding Judge. The defendant was indicted under *Code* § 26-1405, such indictment charging him "with the offense of assault with intent to rob, for that the said Alfred Middlebrooks, on 25th day of June, 1962, in the county aforesaid, did then and there, unlawfully and with force and arms unlawfully and maliciously make an assault and battery upon one Henry Roberts, with intent then and there to rob him, said assault being made with the hands of the accused, being offense and dangerous weapon when used in the manner in which accused so used them in said assault. . ." The defendant demurred to such indictment because it failed to set out any offense under the laws of this State because it sought to charge that the defendant intended to rob with an offensive weapon and alleging the hands of the defendant were such offensive weapon, the hands not being an offensive weapon. The demurrer was overruled and upon the trial of the case the jury returned a verdict finding the defendant guilty of assault and battery. Thereafter, the defendant's amended motion for new trial assigning error on the judgment of the trial court which required the defendant to be sworn before he would allow his counsel to question him in order to elicit his statement, was overruled and error is now assigned on such judgment adverse to him. *Held:*

1. "Verbal absurdities will not render an indictment or other pleadings subject to demurrer, where the language, taken as a whole, nevertheless clearly, accurately, and definitely charges a crime." *Mixon v. State,* 7 Ga. App. 805, 806 (68 SE 315).

(a) The allegations in the indictment which referred to hands as "being an offensive and dangerous weapon when used in the manner in which the accused so used them" was mere surplusage.

2. "As a matter of right the accused [is] entitled to be questioned by his counsel to elicit his unsworn statement to the

court and jury in his defense." *Shoffeitt v. State,* 107 Ga. App. 217 (129 SE2d 572). See also Ferguson v. Georgia, 365 US 570 (81 SC 756, 5 LE2d 783), adhered to, 216 Ga. 794 (120 SE2d 123).

(a) The trial court erred in overruling the defendant's amended motion for new trial, based solely on the ground that the trial court erred in requiring the defendant to be sworn before allowing his counsel to question him in order to elicit his statement.

*Judgment reversed. Frankum and Jordan, JJ., concur.*

DECIDED APRIL 5, 1963.

*Marvin Hartley, Jr., Casey Thigpen,* for plaintiff in error.
*Walter C. McMillan, Jr., Solicitor General,* contra.