## 40363. LOVETT v. THE STATE.

DECIDED OCTOBER 15, 1963.

*Limerick L. Odom,* for plaintiff in error.

*E. W. Hill, Solicitor,* contra.

NICHOLS, Presiding Judge. ■ "Where the error alleged is in the granting or denying of a new trial, one assignment of error is sufficient to reach all the grounds of the motion on which the grant or refusal was based." *Crouch v. Spooner,* 8 Ga. App. 626 (1) (69 SE 1129). See also *National Union Fire Ins. Co. v. Ozburn,* 42 Ga. App. 393 (156 SE 305). Where any ground of the motion for new trial is sufficient a general assignment of error on the final judgment will preclude a dismissal. See *Williams v. Slusser,* 104 Ga. App. 412 (121 SE2d 796). Accordingly, since the bill of exceptions assigned as error the judgment overruling the motion for new trial and since at least one ground thereof is sufficient the motion to dismiss is without merit and must be denied.

■ Special ground 1 of the amended motion for new trial complains of a ruling of the court on a question in the nature of a demurrer. The question as to the sufficiency of the accusation is not a proper ground of a motion for new trial. *Edenfield v. State,* 95 Ga. App. 2 (96 SE2d 533); *Seymour v. State,* 210 Ga. 21 (77 SE2d 519).

Accordingly, such ground of the motion for new trial cannot be considered.

■ Special ground 2 of the amended motion for new trial assigns error on the failure to exclude certain testimony adduced on the trial of the case but fails to set forth or refer by page number to such testimony or to show what objection was made on the trial to such testimony. Such ground is incomplete and cannot be considered. See *Allen v. Arthurs,* 106 Ga. App. 682 (4) (127 SE2d 819).

■ The remaining special ground complains that the trial court erred in refusing to permit the defendant to be questioned by his counsel unless he was sworn and submitted to cross examination as any other witness. "As a matter of right the accused [is] entitled to be questioned by his counsel to elicit his unsworn statement to the court and jury in his defense." *Shoffeitt v. State,* 107 Ga. App. 217 (129 SE2d 572), and citations; *Middlebrooks v. State,* 107 Ga. App. 587 (2) (130 SE2d 798).

■ In as much as the case must be again tried and the evidence may not be the same on such trial the usual general grounds of the motion for new trial will not be passed upon.

*Judgment reversed. Frankum and Jordan, JJ., concur.*