111 Ga. App. 587 (1965)
142 S.E.2d 409
WILLIAMS
v.
THE STATE.
41040.
Court of Appeals of Georgia.
Submitted January 6, 1965.
Decided April 7, 1965.
Rehearing Denied April 22, 1965.
*588 Claude N. Morris, for plaintiff in error.
Jack Murr, Solicitor, contra.
William T. Boyd, Solicitor General, J. Walter LeCraw, amicus curiae.
EBERHARDT, Judge.
1. Where one is prosecuted in a city court upon an accusation, the accusation can not be broader than the affidavit nor the charge different from that described therein. Frazier v. State, 11 Ga. App. 261 (75 SE 10); Blake v. State, 112 Ga. 537 (37 SE 870).
It was held in Flournoy v. State, 106 Ga. App. 756 (128 SE2d *589 528) that the operation of a vehicle did not necessarily include the driving of it and might be accomplished by sitting therein on a public highway and, while in control and under the steering wheel, starting the motor, under which circumstance the "operation" of the vehicle is a separate offense from the "driving" of it (the statute being in the disjunctive, making it an offense to operate or drive a vehicle while under the influence of an intoxicant, Ga. L. 1953, Nov. Sess., pp. 556, 575, Art. V, § 47) but we do not think that case requires a reversal.
It is obvious that one who drives a motor vehicle must, in that process, "operate" it. It can not ordinarily be driven until the motor has been started, the gears enmeshed and control assumed at the steering wheel. It might otherwise be done on an incline or while being pushed or pulled by some means other than its own motive power. In Glass v. State, 119 Ga. 299 (46 SE 435), where the warrant charged "gaming" and the accusation charged playing "at a game of seven-up, skin and other games played with cards," the court affirmed a conviction saying that while "[t]he accusation cannot be broader than the affidavit, but, as the greater includes the less, if the affidavit is general, the accusation can be specific." Since driving a vehicle must include operating it, it follows that the accusation here was not broader than the warrant.
Just as "[t]he offense of having, controlling, and possessing spirituous liquors . . . could be committed without making a sale of the spirituous liquors; but the offense of selling, . . . could not be committed without having, controlling or possessing," Kuck v. State, 149 Ga. 191, 193 (99 SE 622), the offense of operating an automobile while under the influence of intoxicants can be committed without driving it, but the offense of driving while under the influence can not be committed without operating the car. In the same way that the offense of selling illicit liquor is broader than and includes the offense of possessing it, the offense of driving is broader than and includes the offense of operating. In both this is true when the charge relates to a single transaction or occasion. For example, a defendant may be charged in separate counts with possessing liquor on one occasion and with selling liquor on another, and if that is done he may be convicted on either or both counts without any inconsistency. *590 Byrd v. State, 51 Ga. App. 541 (181 SE 100). On the other hand, if he is charged with possessing and selling in connection with a single transaction, a verdict acquitting of possessing but convicting of selling would be repugnant and could not stand. Kuck v. State, 149 Ga. 191, supra; Smith v. State, 38 Ga. App. 366 (143 SE 925).
The defendant here might have been charged in separate counts of the accusation with the offenses of operating and driving, and it would still be within the ambit of the warrant charging him with the offense of driving while under the influence. The accusation does not have to follow the warrant; it simply must be within the ambit of and no broader than the warrant.
There were no separate counts in this accusation. The solicitor elected to charge in one count that the defendant did, on a stated occasion, "drive and operate" an automobile on the road while under the influence of intoxicants. This was to the defendant's advantage, for no conviction could stand under that charge unless the evidence was sufficient to sustain the broader charge of driving. Moreover, he could not thereafter be brought to trial on the charge of operating the car while under the influence of intoxicants since its was specifically included as a part of the offense of driving. Boyd v. State, 156 Ga. 48 (118 SE 705). If he had been separately charged and tried, an acquittal of one would not bar a prosecution for the other. Phillips v. State, 27 Ga. App. 1 (107 SE 343). Again, it was to his advantage, for if he had been charged in separate counts with operating and driving the car and convicted on both he would have received two sentences, whereas it is not possible under the charge as made.
Even if it be said that the accusation would have been broader than the warrant if it had charged the defendant separately in two counts with operating and driving the car (which we do not think it would) it is obvious that the charge as made could amount to no more than a charge of driving while under the influence, with the added advantages to the defendant indicated, upon a conviction of which he could be and was sentenced for no more.
While there is a statement in Flournoy v. State, 106 Ga. App. *591 756, supra, that "the word `operate' has a broader meaning so as to include not only the motion of the vehicle but also acts which engage the machinery of the vehicle that, alone or in sequence, will set in motion the motive power of the vehicle," the holding in the case was that under the facts presented the jury was authorized to convict for operating the automobile while under the influence of intoxicants, since "operating" did not necessarily include "driving" it. We think that conclusion was correct. "Operating" may, but does not necessarily include "driving," while "driving" does of necessity include "operating."
2. It is not necessary that we do more than adopt the answer of the Supreme Court to our certified question, which we do. See Williams v. State, 220 Ga. 766 (141 SE2d 436). This ruling of the Supreme Court effectively overrules anything to the contrary found in Shoffeitt v. State, 107 Ga. App. 217 (129 SE2d 572); Middlebrooks v. State, 107 Ga. App. 587 (130 SE2d 798); Lovett v. State, 108 Ga. App. 478 (133 SE2d 595) and establishes as a correct ruling the concurring opinion of Judge Hall in Dukes v. State, 109 Ga. App. 825, 829 (137 SE2d 532).
Judgment affirmed. Nichols, P. J., and Pannell, J., concur.