### 45356. WILLIS v. THE STATE.

QUILLIAN, Judge. The defendant was charged with violation of the State Liquor Control Act on 26 separate counts. He was tried in the Criminal Court of Fulton County before a jury of 5 and was found guilty of 14 counts of the accusation. The jury verdict recited that the defendant was guilty on counts 3-8, 13-16, 19, 20, and 23-26. The defendant was acquitted of the remaining counts. His motion for new trial as amended was overruled and appeal was taken to this court. *Held:*

1. (a) Enumerations of error 1, 8, 9 and 10 complain that the evidence was insufficient to support the verdict. In the brief to this court the only counts which are expressly complained of as being unsupported by evidence are 13-16 and 21-22. The defendant was acquitted as to Counts 21 and 22 so any issue in that regard is nugatory. The verdict in the form used was a general verdict as to each count. See *Lee v. State,* 66 Ga. App. 613, 618 (18 SE2d 778); *McDay v. State,* 105 Ga. App. 678 (4) (125 SE2d 534). Thus each count stands as a separate entity. *Wells v. State,* 75 Ga. App. 588 (44 SE2d 66). Assuming, but not deciding, that the general grounds addressed to the case as a whole would raise an issue as to whether each count was sufficient, still we can not hold that the verdicts as to counts 13-16 were error. They are subject to the rule that where there is some evidence which supports the verdict, it is not error to refuse to grant a new trial. *Smith v. State,* 95 Ga. App. 775 (2) (98 SE2d 606).

(b) Under these same grounds, the defendant attempts to raise the issue that the affidavit on which the accusation was based was false since the evidence on the trial showed that the affiant had personal knowledge only of the offenses committed on May 5, 1968 (Counts 3-6), and May 26, 1969 (Counts 7-8). Ordinarily, defects in the accusation or questions involving the sufficiency of the accusation are not properly subjects of a motion for new trial. *Edenfield v. State,* 95 Ga. App. 2 (1) (96 SE2d 533); *Ledford v. State,* 215 Ga. 799 (113 SE2d 628). However, there are certain exceptions made where the sufficiency of the evidence is involved. See *Brown v. State,* 82 Ga. App. 673, 677 (62 SE2d

732). In any case, however, the contention made by the defendant with regard to the affiant's personal knowledge has been decided adversely to him by this court in *Hutto v. State,* 116 Ga. App. 140, 142 (156 SE2d 498), where it was pointed out that often "affiant's knowledge of matters stated in his affidavit must, of necessity, rest upon information derived from others." The enumerations of error dealing with the sufficiency of the evidence are without merit.

2. Enumeration of error 2 complains that the defendant was deprived of the right to a trial by a constitutional jury. On the trial the defendant moved for a panel of 48 jurors and a "constitutional" jury of 12 persons. The trial judge overruled the motion.

"Where one seeks by a pleading in a criminal action to invoke a constitutional protection or guarantee, it is incumbent upon him to specify plainly and distinctly the particular constitutional provision that he invokes, and where a defendant in a criminal prosecution seeks to assert that the procedure followed by the State in the prosecution violates a particular constitutional right, it is incumbent upon him to point out specifically and definitely the particular provision which he contends has been violated."*Josey v. State,* 102 Ga. App. 707 (117 SE2d 641). The defendant failed to properly raise the constitutional questions in the court below. *Turner v. State,* 58 Ga. App. 775, 779 (199 SE 837).

As to the merits of the defendant's contentions, see the following: *Smith v. State,* 23 Ga. App. 130 (1) (97 SE 624); *Allen v. State,* 51 Ga. 264; *Conyers v. Graham & Foute,* 81 Ga. 615 (4) (8 SE 521); *McIntyre v. State,* 190 Ga. 872 (5) (11 SE2d 5, 134 ALR 813); Coates v. Lawrence, 46 FSupp. 414, 423. In Williams v. Florida, 399 U. S. 78 (90 SC 1893, 26 LE2d 446), the U. S. Supreme Court has recently held that a jury of 12 is not an indispensable ingredient for "trial by jury" and that a lesser number (6 in that case) meets the constitutional guarantee.

3. The third enumeration of error complains that a State's witness placed the defendant's character in evidence and that the court erred in overruling the defendant's motion for a mistrial. On cross examination, the State's witness in answer to the ques-

tion, "Now, how did you finally arrest James Willis?" responded, "We carried the three boys to the police station, pulled James Willis' file from the I. D. Section, took this picture here and showed it to them. They said this is the defendant that sold it to them. The next day we took a warrant, went to his house to arrest him. We couldn't find him. We went back—this is on Monday. We were up on Tuesday and Wednesday. We went back on Thursday and arrested him." The defendant's counsel made no objection at this time but proceeded to question the witness in great detail with regard to the picture, including several questions as to whether the witness had exhibited the picture to the jury, which he denied. Counsel then moved for a mistrial which the trial court, after hearing argument, overruled. Subsequent to this on further cross examination, the witness was again queried with regard to the picture.

In *Cooper v. State,* 182 Ga. 42 (2) (184 SE 716, 104 ALR 1309), the Supreme Court approved the admission of a picture allegedly from the rogues' gallery where such picture contained nothing to indicate the defendant was guilty of previous crimes. See in this connection: *Martin v. State,* 225 Ga. 234 (2) (167 SE2d 638). The picture in this case was not introduced into evidence and, under the record, we cannot presume that the jury saw it. Moreover, we find no harmful error since evidence of substantially the same nature was elicited by defendant's counsel on cross examination. *Hudson v. State,* 108 Ga. App. 192 (2) (132 SE2d 508, 100 ALR2d 1395); *Gasaway v. State,* 119 Ga. App. 199 (2, 3) (166 SE2d 381); *Salisbury v. State,* 222 Ga. 549 (2) (150 SE2d 819).

4. Enumeration of error 4 complains of the failure of the trial judge to direct a verdict of acquittal. It is again settled that there is no duty resting on a trial judge in any criminal case to direct a verdict of not guilty. *Pritchard v. State,* 224 Ga. 776, 779 (164 SE2d 808). See also *Anderson v. State,* 120 Ga. App. 147 (1) (169 SE2d 629); *Arnall v. State,* 120 Ga. App. 309 (2) (170 SE2d 337).

5. Enumeration of error 5 complains that the trial judge abused his discretion in refusing to permit defendant's counsel to assist

him while giving an unsworn statement and also erred in referring to the defendant's statement as unsworn.

The record reveals that during the defendant's statement his counsel asked the question, "Do you get money for working on cars." The trial judge asked, "Are you going to swear him, is this an unsworn statement?" Defendant's counsel replied, "I thought I'd direct him, I wanted to tell his occupation." The court refused to allow the defendant's counsel to ask him the question. However, the defendant in continuing with his statement told of his occupation and the money he made "working on cars."

No objection was made to the trial court's reference to the unsworn statement. Moreover, a mere reference to the unsworn statement does not constitute a comment on the failure of defendant to testify under the mandate of *Code* § 38-415, as amended. *Harris v. State,* 118 Ga. App. 769 (3) (165 SE2d 462). Since all the information his counsel sought was given by the defendant in his statement, we find no abuse of discretion by the trial judge. *Thacker v. State,* 226 Ga. 170, 177 (173 SE2d 186). See in this connection *Martin v. State,* 223 Ga. 649, 651 (157 SE2d 458).

6. Enumerations of error 6 and 7 complain that the defendant's constitutional rights were violated when the trial judge failed to afford him a procedure, outside the presence of the jury, for determining the voluntariness of alleged incriminating statements.

From the transcript it appears that at the time the prosecuting attorney questioned the State's witness with regard to any statement that the defendant may have made, an objection was interposed by defendant's counsel on the ground that the proper foundation had not been laid. After argument, the State's attorney withdrew the question and no response was ever made to it.

It thus appears that the defendant failed to make any objection on the constitutional grounds that he now urges *(Shepherd v. City of Jackson,* 18 Ga. App. 216 (2) (89 SE 161); *Bobo v. State,* 106 Ga. App. 111, 113 (126 SE2d 286); *Crider v. State,* 114 Ga. App. 522 (2) (151 SE2d 791); *Lundy v. State,* 119 Ga. App. 585, 587

(168 SE2d 199); *Lewis v. State,* 196 Ga. 755, 760 (27 SE2d 659)) and since the question was withdrawn, there was no error harmful to the defendant.

7. Enumeration of error 11 complains that the testimony of a witness with regard to certain counts (13-16) should have been excluded upon timely motion because the same was hearsay. Objection was interposed at one point when the witness testified as to what a "decoy" did. This was not hearsay because the witness was not testifying as to what the third party said but as to what the witness saw the third party do. Cf. *Moon v. State,* 120 Ga. App. 141, 143 (169 SE2d 632). Subsequently, counsel moved to strike the entire testimony of the witness. The refusal to exclude evidence objected to as a whole, when in part admissible, is not ground for a new trial. *Luke v. State,* 26 Ga. App. 175 (1) (106 SE 199); *Macon, Dublin &c. R. Co. v. Anchors,* 140 Ga. 531, 536 (79 SE 153); *Edenfield v. Brinson,* 149 Ga. 377 (5) (100 SE 373); *Clarke v. State,* 221 Ga. 206 (4) (144 SE2d 90). Insofar as this ground raises the question with regard to the direction of a verdict of acquittal on Counts 13 through 16, it is controlled by the ruling in Division 4 of this opinion.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
SUBMITTED JUNE 1, 1970—DECIDED NOVEMBER 9, 1970.

*Louise T. Hornsby,* for appellant.
*Hinson McAuliffe, Solicitor, James L. Webb, Frank A. Bowers,* for appellee.