## 48075. HOWARD v. THE STATE.

EBERHARDT, Presiding Judge. Appellant was tried and convicted under one indictment for aggravated assault with a deadly weapon, under a second indictment for two counts of shoplifting, and under a third indictment for one count of carrying a concealed weapon. The trial court granted a new trial as to one of the shoplifting counts but overruled the motion otherwise, and this appeal followed. *Held:*

1. The general grounds of the motion for new trial are without merit.

2. Appellant complains that his conviction for aggravated assault with a pistol, and conviction for carrying a concealed pistol without a license, amounts to multiple prosecution for the same conduct in violation of Criminal Code § 26-506 (a) (1), in that the lesser pistol offense is included in the greater offense of aggravated assault with a deadly weapon. This contention is without merit. *Thomas v. State,* 128 Ga. App. 538 (2).

3. The court did not err in failing to charge, without request, Criminal Code §§ 26-901 and 26-902 on the principles of justification as a defense to the charge of aggravated assault, since the evidence shows that appellant attempted to shoot Sergeant McDonald in the stomach while resisting being taken into custody in connection with one of the shoplifting incidents.

4. Enumeration of error number 8 is not argued and is deemed abandoned.

5. It is argued in the brief that appellant should not have been tried by one jury under one indictment for two separate shoplifting incidents occurring more than two

months apart, and that since the trial court granted a new trial as to the first incident, the principles of justice also required a new trial as to the second incident. These contentions are made for the first time in the brief and present nothing for review.

Moreover, the first contention is without merit insofar as it seeks to invoke Criminal Code § 26-506 (b) (c) (see *Henderson v. State,* 227 Ga. 68 (1) (179 SE2d 76); *Steele v. State,* 227 Ga. 653 (7) (182 SE2d 475); *Pass v. State,* 227 Ga. 730 (3) (182 SE2d 779); *Ezzard v. State,* 229 Ga. 465 (3) (192 SE2d 374)), particularly since there was no request or motion to try the two shoplifting charges separately and no objection was made below as to proceeding on both shoplifting counts under the same indictment. As to the second contention, since the two shoplifting incidents involved different dates and transactions, requiring different proof, and the jury returned a separate verdict as to each, it is also without merit. *Wells v. State,* 75 Ga. App. 588 (44 SE2d 66). See also *Willis v. State,* 122 Ga. App. 776 (1a) (178 SE2d 737) and cits.; *Heard v. State,* 126 Ga. App. 62 (5) (189 SE2d 895); *Osbourne v. State,* 128 Ga. App. 81 (3) (195 SE2d 662).

6. The shoplifting count as to which a new trial was not granted alleged that defendant removed six pairs of men's pants having a total value of $102, while the evidence indicated defendant removed seven pairs of pants with a value of $17 a pair ($119 total). This does not constitute a fatal variance requiring reversal. *Roberts v. State,* 55 Ga. 220 (4); *Lowe v. State,* 57 Ga. 171; *Johnson v. State,* 62 Ga. 299, 301; *Peterson v. State,* 6 Ga. App. 491, 492 (65 SE 311); *Warren v. State,* 12 Ga. App. 694 (3) (78 SE 202); *Foss v. State,* 15 Ga. App. 478 (4, 5) (83 SE 880); *Norman v. State,* 121 Ga. App. 753 (5) (175 SE2d 119); *Green v. State,* 124 Ga. App. 469, 470 (184 SE2d 194).

*Judgment affirmed. Pannell and Stolz, JJ., concur.*
SUBMITTED APRIL 10, 1973 — DECIDED APRIL 16, 1973.

*Louise T. Hornsby,* for appellant.

*Lewis R. Slaton, District Attorney, Dennis S. Mackin, William M. Weller, Morris H. Rosenberg,* for appellee.